## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON

| | | |
|---|---|---|
| ANDREW HILLSTRAND, JOHNATHAN HILLSTRAND, JOSHUA HARRIS, and JACOB HARRIS, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No.: 12-1565 |
| CATCH PLANET, LLC d/b/a CATCH PLANET and TRAVIS ARKET, | ) ) ) | COMPLAINT FOR A PERMANENT INJUNCTION |
| Defendants. | ) ) ) | |

## COMPLAINT

ANDREW HILLSTRAND, JOHNATHAN HILLSTRAND, JOSHUA HARRIS, and JACOB HARRIS, for their Complaint against the Defendants, allege and state:

### PARTIES AND JURISDICTION

1.      Plaintiff, ANDREW HILLSTRAND is an Individual, who resides in the State of Virginia.

2.      Plaintiff, JOHNATHAN HILLSTRAND is an Individual, who resides in the State of Washington.

3.      Plaintiff, JOSHUA HARRIS is an Individual, who resides in the State of Washington.

4.      Plaintiff, JACOB HARRIS is an Individual, who resides in the State of Washington.

Edward A. Ritter, II, Esq.
1609 208th St., S.E., Bothell, WA 98012
Tel.: 206-223-0868

5.      Upon information and belief, Defendant, CATCH PLANET, LLC d/b/a CATCH PLANET (hereinafter referred to as "CATCH PLANET"), is a Washington limited liability company with its principal place of business located at 10625 9th Dr. SE, Everett, Washington, 98208.

6.      Upon information and belief, Defendant, TRAVIS ARKET (hereinafter referred to as "Arket"), is a resident of Snohomish County, Washington.

7.      CATCH PLANET and Arket are collectively referred to hereafter as Defendants.

8.      This action arises under the trademark laws of the United States, and the laws of unfair competition and misappropriation of name and likeness.  It is brought pursuant to 15 U.S.C. § 1051, et seq., the Lanham Act, 15 U.S.C. §1501, et seq., RCW 63.60.050 and the common law.

9.      This Court has jurisdiction over the subject matter of this case pursuant to 15 U.S.C. § 1121, 28 U.S.C. §§ 1331, 1338(b) and 1367.

10.     This Court has personal jurisdiction over the Defendants pursuant to RCW 4.28.185 due to business transactions conducted by Defendants within the State of Washington.

11.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1) and (2) and (c). A substantial part of the wrongful acts of the Defendants alleged herein occurred in and caused injury to the Plaintiffs in Washington.

Edward A. Ritter, II, Esq.
1609 208th St., S.E., Bothell, WA 98012
Tel.: 206-223-0868

## BACKGROUND ALLEGATIONS COMMON TO ALL COUNTS

### Plaintiff, Andrew Hillstrand's Trademark Rights

12.     The Plaintiffs are recognized and widely known throughout the world as crab fishermen who appear on the cable television program "The Deadliest Catch" as seen on the Discovery Channel.

13.     Since at least as early as 2007, Plaintiff, Andrew Hillstrand, has offered clothing for sale in interstate commerce under the trademark "Bad Boys of the Bering Sea".

14.     Plaintiff, Andrew Hillstrand is the owner of the following registered trademark:

| Mark | Registration No. | Services |
|---|---|---|
| Bad Boys of the Bering Sea | 4,093,912 | T-shirts, sweatshirts, hats, visors, jackets, tank tops, short sleeve shirts, long sleeve shirts, headwear, hooded pullovers, and polo shirts |

15.     Plaintiff, Andrew Hillstrand has filed an application for the following trademark, which was unopposed and for which a Notice of Allowance was issued on Aug 7, 2012:

| Bad Boys of the Bering Sea | 85/369,089 | Non-metal novelty license plates and mugs |
|---|---|---|

16.     As a result of the high quality of the goods provided by Plaintiff, Andrew Hillstrand and as a result of the extensive promotion of his business, substantial good will has been developed in Plaintiff, Andrew Hillstrand's trademarks.

17.     Plaintiff, Andrew Hillstrand has used the trademarks in interstate commerce throughout the United States prior to the Defendants' acts complained of in this Complaint.

18.     Plaintiff, Andrew Hillstrand's trademark registrations are in full force and effect, and Defendants have no trademark licenses with Plaintiff, Andrew Hillstrand.

19.     As a result of the widespread popularity of Andrew Hillstrand and the goods offered by Andrew Hillstrand, as well as the use of Andrew Hillstrand's trademarks in connection with the offering of goods, Plaintiff, Andrew Hillstrand's brand of services have earned commercial success, recognition and acceptance.

20.     Plaintiff, Andrew Hillstrand's trademarks and the good will of the business associated therewith are of a value to Plaintiff, Andrew Hillstrand which cannot be estimated.

### Plaintiffs, Joshua and Jacob Harris' Ownership of Philip Harris' Name and Likeness Rights

21.     Plaintiffs, Joshua Harris and Jacob Harris are the sons of Philip Harris. Philip Harris was a captain and part owner of the crab fishing vessel *Cornelia Marie*, which is featured on the cable television program, "The Deadliest Catch". Philip Harris suffered a massive stroke while offloading crab on January 29, 2010. Despite improvements in his health, he passed away on February 9, 2010 after suffering a pulmonary embolism.

22.     Prior to his death, Philip Harris gained international notoriety that continues today. As a result, Philip Harris remains a famous figure.

23.     Since Philip Harris' death in 2010, his celebrity remains strong, and his name, image, and likeness are widely recognized.

24.     The rights to Philip Harris' name, image, and likeness have passed to his only two sons, Plaintiffs Joshua and Jacob Harris via testamentary disposition.

25.     Plaintiffs, Joshua and Jacob Harris, and Philip Harris during his lifetime, have used the name, image, and likeness of Philip Harris in numerous ways throughout the United States for many years and in every state in the country.

26.      Neither prior to nor after Defendants' first use of Philip Harris' name, image, likeness, and celebrity identity in their business, marketing and advertising plan and practice, did Defendants ever seek or obtain permission from the Harris Plaintiffs, for such use.

27.      Defendants use Philip Harris' name, image, and likeness on marketing and promotional materials, including on CATCH PLANET's website, "www.catchplanet.com" for their infringing goods, including but not limited to clothing.

28.      Defendants' unauthorized use of Philip Harris' name, image, likeness, and celebrity identity on Defendants' advertising, marketing, promotions, websites, and elsewhere promote sales of clothing, coffee mugs, photographs, books, coffee, and other goods sold by Defendants through CATCH PLANET.

29.      Such actions by Defendants have transformed the famous captain Philip Harris into little more than a t-shirt huckster.

30.      By engaging in this wrongful conduct, Defendants have reaped ill-gotten profits without Joshua and Jacob Harris' consent for the purpose of Defendants' commercial and/or financial advantage, which has caused the Harris Plaintiffs, to suffer injury and will continue to do so unless such unauthorized use is permanently stopped. Defendants' acts make this an exceptional case under 15 U.S.C. §1117(a).

31.      Defendants are attempting to trade off the sweat of Plaintiffs, Andrew and Johnathan Hillstrand, and Josh and Jake Harris, and the blood of the late captain Philip Harris.

## Plaintiffs, Name and Likeness Rights

32.      Plaintiffs, Andrew and Johnathan Hillstrand (the "Hillstrands") are captains and owners of the crab fishing vessel *Time Bandit*, and are featured on the cable television program, "The Deadliest Catch".

Edward A. Ritter, II, Esq.
1609 208th St., S.E., Bothell, WA 98012
Tel.: 206-223-0868

33.      Plaintiffs, Joshua Harris and Jacob Harris are fishermen on crab fishing vessels featured on the cable television program, "The Deadliest Catch".

34.      The Plaintiffs, have gained international notoriety and are famous figures whose celebrity is strong, and whose names, images, and likenesses are widely recognized.

35.      The Plaintiffs, have used their names, images, and likenesses in numerous ways for commercial gain, throughout the United States for many years and in every state in the country.

36.      Neither prior to nor after Defendants' first use of the Plaintiffs', names, images, likenesses, and celebrity identities in Defendants' business, marketing and advertising plan and practice, did Defendants ever seek or obtain permission from the Plaintiffs, for such use.

37.      Defendants use of the Plaintiffs', names, images, and likenesses on marketing and promotional materials, including on CATCH PLANET's website, "www.catchplanet.com" for Defendant's infringing goods, including but not limited to clothing.

38.      Defendants' unauthorized use of the Plaintiffs', names, images, likenesses, and celebrity identities on Defendants' advertising, marketing, promotions, websites, and elsewhere promote sales of clothing, coffee mugs, photographs, books, coffee, and other goods sold by Defendants through CATCH PLANET.

39.      By engaging in this wrongful conduct, Defendants have reaped ill-gotten profits without the Plaintiffs' consent for the purpose of Defendants' commercial and/or financial advantage, which has caused Plaintiffs to suffer injury and will continue to do so unless such unauthorized use is permanently stopped.  Defendants' acts make this an exceptional case under 15 U.S.C. §1117(a).

**Defendants' Trademark Infringement**

40.       The Defendants offer the identical goods that Plaintiff, Andrew Hillstrand offers.

41.       The Defendants' goods are marketed through the same channels of trade and to the same customers as those of Plaintiff Andrew Hillstrand.

42.       The Defendants' use of an identical mark, i.e., "Bad Boys of the Bering Sea", falsely creates the impression that the Defendants' goods are endorsed by or affiliated with the Plaintiff, Andrew Hillstrand and constitutes trademark infringement and unfair competition.

43.       The Defendants have no association or affiliation whatsoever with Plaintiff, Andrew Hillstrand, nor do they have the consent of the Plaintiff, Andrew Hillstrand to use his trademarks.

44.        The Defendants do not have the sponsorship, consent, approval or certification of Plaintiff, Andrew Hillstrand.

45.       Plaintiff, Andrew Hillstrand became aware of the Defendants' infringement when the Plaintiffs discovered the domain name www.catchplanet.com, ("Infringing Domain") offering goods identical to those offered by the Plaintiff, Andrew Hillstrand under the mark Bad Boys of the Bering Sea.

46.       An investigation as to the owner of the Infringing Domain revealed that it was registered through GoDaddy.com and the Registrant was Defendant, Travis Arket.

47.       Plaintiff, Andrew Hillstrand, via counsel, sent the Defendants a cease and desist letter dated July 8, 2011 which Defendants received via email on July 8, 2011.  A true and correct copy of Plaintiffs' July 8, 2011 letter is attached hereto as Exhibit "A".

Edward A. Ritter, II, Esq.
1609 208th St., S.E., Bothell, WA 98012
Tel.: 206-223-0868

48.     On July 18, 2011, Defendant, Travis Arket emailed Plaintiff, Andrew Hillstrand  through the undersigned counsel claiming ownership of the "Bad Boys of the Bering Sea" trademarks. A true and correct copy of Defendant, Travis Arket's first email is attached hereto as Exhibit "B".

49.     Plaintiff, Andrew Hillstrand sent the Defendants a second cease and desist letter, dated March 1, 2012, which included a copy of the trademark registration, and requested that the Defendants contact Plaintiff's, counsel to resolve the matter.  A true and correct copy of Plaintiff's, second letter is attached hereto as Exhibit "C".

50.     On March 1, 2012, Defendant, Travis Arket, responded to Plaintiff, Andrew Hillstrand through the undersigned counsel advising that he would not be complying with Plaintiff's, demands. A true and correct copy of Defendant, Travis Arket's second email is attached hereto as Exhibit "D".

51.     On or about March 2, 2012, Defendant, Travis Arket contacted Plaintiff, through the undersigned counsel, offering to sell "Bad Boys of the Bering Sea" and related goods to Plaintiff.  A true and correct copy of Defendant, Travis Arket's third email is attached hereto as Exhibit "E".

52.     Plaintiff, Andrew Hillstrand sent the Defendants a third cease and desist letter, dated June 19, 2012, and again demanded that Defendants cease infringing activities.  A true and correct copy of Plaintiff's third letter is attached hereto as Exhibit "F".

53.     On June 21, 2012, Plaintiff sent the Defendants a fourth cease and desist letter memorializing telephone conversations and text message exchanges between Defendants and Plaintiffs, Johnathan and Andrew Hillstrand on June 19, 2012.   A true and correct copy of Plaintiff, Andy Hillstrand's fourth letter is attached hereto as Exhibit "G".

Edward A. Ritter, II, Esq.
1609 208th St., S.E., Bothell, WA 98012
Tel.: 206-223-0868

54.      Plaintiff, Andrew Hillstrand has never conducted business with Defendants, maintained a relationship with Defendants, sponsored Defendants, and/or entered into a license agreement with Defendants for the use of Plaintiff's, trademarks.

55.      The Defendants continue to offer goods bearing the infringing mark, "Bad Boys of the Bering Sea".

56.      The Defendants cause advertising to be placed in interstate commerce offering goods bearing the mark, "Bad Boys of the Bering Sea."

57.      The Defendant, Travis Arket, owns and maintains the domain name www.catchplanet.com on which clothing and other goods are offered bearing the mark, "Bad Boys of the Bering Sea."

58.      The Defendant, Catch Planet, LLC, filed a trademark application with the U.S. Patent and Trademark Office for the mark "Bad Boys of the Bering Sea" (stylized) in International Class 35 for advertising, marketing and promotion services; association services, and on-line retail store services on April 21, 2011.

59.      Catch Planet, LLC's trademark application was assigned number 85/301589 (hereinafter referred to as the " '589 Trademark Application") by the U.S. Patent and Trademark Office.  A true and correct copy of the '589 Trademark Application is attached hereto as Exhibit "H".

60.      The '589 Trademark Application was abandoned by the Defendant on May 3, 2012.

61.      The use of the term "Bad Boys of the Bering Sea" to offer clothing by the Defendants is confusingly similar to Plaintiff's, trademarks which are likely to cause consumer confusion.

Edward A. Ritter, II, Esq.
1609 208th St., S.E., Bothell, WA 98012
Tel.: 206-223-0868

62.     The Defendant's trademark infringement, unfair competition and palming off are intentional, willful and bad faith attempts to deceive or to create mistake or confusion in the minds of Plaintiff, Andrew Hillstrand's customers and potential customers and of the public.

63.     The Defendants' actions demonstrate an actual, willful and bad faith attempt to trade on Plaintiff's, good will, to palm off the Defendants' goods as those of Plaintiff and to create a false impression of a connection, affiliation, association, sponsorship or approval between the Plaintiff and the Defendants, all causing irreparable injury to Plaintiff, Andrew Hillstrand.

64.     Plaintiff, Andrew Hillstrand has no adequate remedy at law.

65.     The Defendants have been unjustly enriched by their infringing and unfair activities and Plaintiff is entitled to an accounting for all of the Defendants' profits derived from the infringing sales.

66.     By reason of the Defendants' activities, Plaintiff, Andrew Hillstrand has suffered and will continue to suffer substantial damages for injury to his good will and reputation and dilution of Plaintiff's trademarks.

67.     Because of the Defendants' bad faith and intentional and willful infringement, unfair competition and deceptive trade practices, Plaintiff is entitled to recover punitive damages to deter the Defendants from repeating their unlawful activities, as well as Plaintiff's, attorney fees and the cost of this action.

Edward A. Ritter, II, Esq.
1609 208th St., S.E., Bothell, WA 98012
Tel.: 206-223-0868

## COUNT I

### Trademark Counterfeiting Under Section 32(1)(a)
### And 34(d) Of The Lanham Act 15 U.S.C.§§ 1141(1)(A) And 1116(d)

68.     Plaintiff, Andrew Hillstrand repeats and re-alleges the allegations set forth in paragraphs 1, 5-20 and 40-67.

69.     The Defendants' use of Plaintiff's, trademarks in conjunction with offering goods bearing the infringing mark, "Bad Boys of the Bering Sea", counterfeits the federally registered trademarks of Plaintiff and said use is likely to cause confusion, mistake, or deception of the public as to the source, sponsorship, or approval of the services.

70.     The Defendants' use of Plaintiff's federally registered marks, and Defendants' offering goods bearing the infringing mark, constitutes trademark counterfeiting in violation of Sections 32(1) and 34(d) of the Lanham Act, 15 U.S.C. §§ 1114(1) and 1116(d), and has caused damage to Plaintiff.

## COUNT II

### Trademark Infringement Under
### Section 32(1) Of The Lanham Act 15 U.S.C. § 1114(1)

71.     Plaintiff, Andrew Hillstrand repeats and re-alleges the allegations set forth in paragraphs 1, 5-20 and 40-67.

72.     Defendants' offering of goods while using Plaintiff's, marks, and Defendants' selling goods bearing the infringing mark, "Bad Boys of the Bering Sea", is likely to cause confusion, mistake, or deception of the public as to the source, sponsorship, or approval of the goods.

Edward A. Ritter, II, Esq.
1609 208th St., S.E., Bothell, WA 98012
Tel.: 206-223-0868

73.     Defendants' use of property and advertising bearing Plaintiff's federally registered trademark and Defendants' offering goods in Plaintiff's name constitute trademark infringement in violation of Section 32(1) of the Lanham Act, 15 U.S.C. §§ 1114(1), and has caused damage to the Plaintiff.

## COUNT III

### False Designation of Origin Under Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A)

74.     Plaintiff, Andrew Hillstrand repeats and re-alleges the allegations set forth in paragraphs 1, 5-20 and 40-67.

75.     The aforesaid acts of the Defendants are likely to cause confusion, mistake, or deception as to the origin, sponsorship, or approval of the goods offered by Defendants with Plaintiff's marks, and thus constitutes false designations of origin in violation of Section 43(a)(1)(A) of the Trademark Act of 1946, as amended, 15 U.S.C. § 1125(a)(1)(A), all to Plaintiff's detriment.

## COUNT IV

### Common Law Unfair Competition

76.     Plaintiff, Andrew Hillstrand repeats and re-alleges the allegations set forth in paragraphs 1, 5-20 and 40-67.

77.     The aforesaid acts of the Defendants constitute common law unfair competition in that the ordinary consumer is likely to be deceived and/or confused as to the source of the Defendants' services.  As a result of Defendants' common law unfair competition, Plaintiff has suffered and will continue to suffer great and irreparable injury.

## COUNT V

### Misappropriation of Philip Harris' Name and Likeness

78.     Plaintiffs, Joshua and Jacob Harris repeat and re-allege the allegations set forth in paragraphs 3-11 and 21-29.

79.     Defendants use the name, image, and likeness of Philip Harris owned by the Harris Plaintiffs, on marketing and promotional materials for Defendants' infringing "Bad Boys of the Bering Sea" related goods.

80.     The Harris Plaintiffs, have not given Defendants implied or express consent to use Philip Harris' name, image, and likeness in connection with the infringing goods.

81.     Defendants' continued, improper use of Phillip Harris' name, image, and likeness in violation of RCW 63.60.050 has impaired and continues to impair the Harris Plaintiffs' reputation, business, and goodwill.

82.     Plaintiffs, Josh and Jake Harris are therefore entitled to relief including, but not limited to, injunctive relief, profits of the Defendants, actual damages, statutory damages, statutory costs and attorneys' fees, and prejudgment interest.

## COUNT VI

### Misappropriation of Joshua Harris' Name and Likeness

83.     Plaintiff, Joshua Harris repeats and re-alleges the allegations set forth in paragraphs 3, 5-11 and 33-39.

84.     Defendants use the name, image, and likeness of Joshua  Harris on marketing and promotional materials for Defendants' infringing "Bad Boys of the Bering Sea" related goods.

85.     Plaintiff, Joshua Harris has not given Defendants implied or express consent to use his name, image, and likeness in connection with the infringing goods.

86.     Defendants' continued improper use Plaintiff, Joshua Harris' name, image, and likeness in violation of RCW 63.60.050 has impaired and continues to impair his reputation, business, and goodwill.

87.     Plaintiff, Joshua Harris is therefore entitled to relief including, but not limited to, injunctive relief, profits of the Defendants, actual damages, statutory damages, statutory costs and attorneys' fees, and prejudgment interest.

## COUNT VII

### Misappropriation of Jacob Harris' Name and Likeness

88.     Plaintiff, Jacob Harris repeats and re-alleges the allegations set forth in paragraphs 4-11 and 33-39.

89.     Defendants use the name, image, and likeness of Plaintiff, Jacob Harris on marketing and promotional materials for Defendants' infringing "Bad Boys of the Bering Sea" related goods.

90.     Plaintiff, Jacob Harris has not given Defendants implied or express consent to use his name, image, and likeness in connection with the infringing goods.

91.     Defendants' continued improper use of Plaintiff Jacob Harris' name, image, and likeness in violation of RCW 63.60.050 has impaired and continues to impair his reputation, business, and goodwill.

92.     Plaintiff, Jacob Harris is therefore entitled to relief including, but not limited to, injunctive relief, profits of the Defendants, actual damages, statutory damages, statutory costs and attorneys' fees, and prejudgment interest.

Edward A. Ritter, II, Esq.
1609 208th St., S.E., Bothell, WA 98012
Tel.: 206-223-0868

## COUNT VIII

### Misappropriation of Andrew Hillstrand's Name and Likeness

93.     Plaintiff, Andrew Hillstrand repeats and re-alleges the allegations set forth in paragraphs 1, 5-11, 32 and 34-39.

94.     Defendants use the name, image, and likeness of Plaintiff, Andrew Hillstrand on marketing and promotional materials for Defendants' infringing "Bad Boys of the Bering Sea" related goods.

95.     Plaintiff, Andrew Hillstrand has not given Defendants implied or express consent to use his name, image, and likeness in connection with the infringing goods.

96.     Defendants' continued improper use of Plaintiff, Andrew Hillstrand's name, image, and likeness in violation of RCW 63.60.050 has impaired and continues to impair his reputation, business, and goodwill.

97.     Plaintiff, Andrew Hillstrand is therefore entitled to relief including, but not limited to, injunctive relief, profits of the Defendants, actual damages, statutory damages, statutory costs and attorneys' fees, and prejudgment interest.

## COUNT IX

### Misappropriation of Johnathan Hillstrand's Name and Likeness

98.     Plaintiff, Johnathan Hillstrand repeats and re-alleges the allegations set forth in paragraphs2, 5-11, 32 and 34-39.

99.     Defendants use the name, image, and likeness of Plaintiff, Johnathan Hillstrand on marketing and promotional materials for Defendants' infringing "Bad Boys of the Bering Sea" related goods.

100.     Plaintiff, Johnathan Hillstrand has not given Defendants implied or express consent to use his name, image, and likeness in connection with the infringing goods.

101.     Defendants' continued improper use of Plaintiff, Johnathan Hillstrand's name, image, and likeness in violation of RCW 63.60.050 has impaired and continues to impair his reputation, business, and goodwill.

102.     Plaintiff, Johnathan Hillstrand is therefore entitled to relief including, but not limited to, injunctive relief, profits of the Defendants, actual damages, statutory damages, statutory costs and attorneys' fees, and prejudgment interest.

## COUNT X

### Injunction

103.     Plaintiffs, Andrew and Johnathan Hillstrand, and Joshua and Jacob Harris repeat and re-allege the allegations set forth paragraphs 1-67,69-70, 72-73, 75, 77, 79-82, 84-87, 89-92, 93-97 and 100-102.

104.     The Plaintiffs have demanded that the Defendants refrain from committing the above acts, but the Defendants have refused and will continue such acts unless immediately enjoined by this court from doing so.

105.     As a result of Defendants' acts, Plaintiffs have sustained and will sustain great and irreparable injury.

106.     Plaintiffs cannot be fully compensated in damages and are without an adequate remedy at law.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, pray that this court enter judgment in their favor on each and every claim for relief set forth above and award them relief including, but not limited to, the following:

A.      Temporary, preliminary and permanent injunctions enjoining the Defendants, their officers, directors, employees, agents, subsidiaries, representatives, distributors, dealers, related companies, and all persons in active concert or participation with any of them, from using the mark "Bad Boys of the Bering Sea", or any mark confusingly similar to any of Andrew Hillstrand's trademarks, in its corporate name, websites, e-mail addresses, solicitations for business, advertisements, phone communications, or in any of its business activities that are in any way related to offering clothing and other goods for sale.

B.      Seizure of all documents, products and materials in Defendants' possession or control, and records documenting the use of Plaintiff's trademark, pursuant to 15 U.S.C. § 1116(d) and 17 U.S.C. § 503(a);

C.      Seizure of all documents, products and materials in Defendants' possession or control, and records documenting the use of Plaintiff's trademark and the eventual destruction of these counterfeit and infringing materials, pursuant to 15 U.S.C. § 1118 and 17 U.S.C. § 503(b);

D.      Preliminary and permanent injunction enjoining the Defendants from further use of any corporate name, domain name or e-mail address containing the mark "Bad Boys of the Bering Sea" or any name confusingly similar to any of Andrew Hillstrand's trademarks.

E.      Restitution and disgorgement;

F.      Damages, including but not limited to treble damages, in an amount not less than $250,000.00;

Edward A. Ritter, II, Esq.
1609 208th St., S.E., Bothell, WA 98012
Tel.: 206-223-0868

G.        Punitive damages;

H.        Attorneys' fees pursuant to statute; and

I.         Such other relief as this court may deem appropriate.


Dated:  September 14, 2012.


                              Respectfully submitted,


                              s/ Edward A. Ritter, II
                              Edward A. Ritter, II, Esquire
                              Trial Counsel
                              Washington Bar No. 34499
                              Law Office of Edward Ritter
                              1609 308th Street, S.E.
                              Bothell, Washington 98012
                              Tel.:    206-223-0868
                              Fax:    206-641-9742

                              Mark F. Warzecha, Esquire
                              Trial Counsel (Admission Pro Hac Vice Pending)
                              Florida Bar No. 0095779
                              Zies Widerman & Malek
                              1990 W. New Haven Avenue, Suite 201
                              Melbourne, Florida 32904
                              Tel.:    321-255-2332
                              Fax:    321-255-2351
                              *Attorneys for Plaintiffs*