Honorable Judge Robert S. Lasnik

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANDREW HILLSTRAND, et al., | Case No. C12-1565RSL |
| Plaintiffs, | MOTION FOR JUDGMENT ON THE PLEADINGS |
| v. | |
| CATCH PLANET, L.L.C., et al., | NOTE OF MOTION CALENDAR April 5, 2013 |
| Defendants | |

## I. RELIEF REQUESTED

Defendants, Travis Arket and Catch Planet, L.L.C. ("Catch Planet") move to dismiss all of plaintiff Andrew Hillstrand's claims under Federal Rule of Civil Procedure ("FRCP") 12(c) and 12(b)(6), for failure to state a claim upon which relief can be granted. Defendant Travis Arket moves the Court to dismiss him personally from the lawsuit under RCW 25.15.125(1) and RCW 25.15.060. Defendants also seek their attorney's fees under CR 11. Defendants' motion is based on the record and exhibits thereto and the following legal arguments and authorities.

MOTION FOR JUDGMENT ON
THE PLEADINGS 1 of 18

SMITH LAW PARTNERSHIP LLP
12303 Harbour Pointe Blvd FF 104
Mukilteo, WA 98275
Telephone: (206) 660-3318

## II.   STATEMENT OF FACTS

At all times material, Defendant Travis Arket was the sole member of Catch Planet, L.L.C. At all times material, Catch Planet, L.L.C. was organized and operated as a limited liability company under the laws of the state of Washington and governed under RCW 25.15 et seq.

Catch Planet purchased the artwork comprising the subject mark "Bad Boys of the Bearing Sea" from the Crab Broker, Inc. on September 7, 2010. Defendant Catch Planet applied for a federal trademark application for the mark "Bad Boys of the Bearing Sea" on or about April 21, 2011 **(See Pls' Ex. H)**. Defendant Travis Arket never applied for any such mark in his individual name or capacity. On or about April 21, 2011, no other similar marks had been registered or applied for by any of the plaintiffs. Plaintiff Andrew Hillstrand did not register a similar mark until January 31, 2012 **(See Defendants' Ex. A attached hereto)**. Plaintiffs began sending Defendant Catch Planet cease and desist letters through their legal counsel, Mark F. Warzecha, commencing July 8, 2011. In his letters, Mr. Warzecha, claims that plaintiff Andrew Hillstrand possessed a superior interest in the mark Catch Planet had applied for, and demanded that Catch Planet abandon its pending trademark application **(See Pls' Ex. A)**. Prior to January 31, 2012, plaintiffs' attorney did not and could not provide defendants any legal basis for plaintiff's superior claim to the subject mark **(See Pls' Ex. A-B and Defendants' Ex. A)**.

Defendants did not own, advertise, market, sell or distribute the mark "Bad Boys of the Bearing Sea" on or after 2011. Defendants have never used the names or likeness of the plaintiffs for financial gain and plaintiffs have not and cannot produce any evidence to the contrary. On

MOTION FOR JUDGMENT ON
THE PLEADINGS 2 of 18

**SMITH LAW PARTNERSHIP LLP**
12303 Harbour Pointe Blvd FF 104
Mukilteo, WA  98275
Telephone: (206) 660-3318

May 3, 2012, defendant Catch Planet abandoned its mark "Bad Boys of the Bearing Sea." On September 14, 2012, defendants filed the above reference cause of action on or about September and served defendants with a copy of the summons and complaint on or about November, 2012.

Defendants' counsel has asked plaintiffs' counsel to dismiss this action based on defense counsel's belief that there are no cognizable federal or state causes of action that can be alleged against the defendants, but he disagreed, and stated plaintiffs are not willing to dismiss the action.

### III. EVIDENCE RELIED UPON

This Motion relies upon the allegations in the Complaint, exhibits thereto and defendants' exhibitA attached hereto.

### IV. ISSUES

1. Whether the Court should dismiss the Complaint against Travis Arket with prejudice without leave to amend because he is immune from liability as a member of an LLC under RCW 25.15.125(1), and because plaintiffs have failed to allege any facts that will allow them to pierce the corporate veil of the LLC under RCW 25.15.060.

2. Whether the Court should dismiss the federal and state causess of action alleged in the Complaint for failure to state a claim upon which relief can be granted under FRCP 12(b)6)?

3. Whether the Court should award Defendants their Attorney's fees under CR 11 for sanctions against Plaintiffs' attorneys for naming Travis Arket in the lawsuit and for filing this

MOTION FOR JUDGMENT ON
THE PLEADINGS 3 of 18

SMITH LAW PARTNERSHIP LLP
12303 Harbour Pointe Blvd FF 104
Mukilteo, WA 98275
Telephone: (206) 660-3318

790 oc090201

action court without any basis in fact or in law and due to the fact that they failed to conduct a reasonable inquiry into the factual and legal basis of the claims alleged against Mr. Arket and Catch Planet, L.L.C.

## V. ARGUMENT

### A. Legal Standard

When a Rule 12(c) motion is used to raise a defense of failure to state a claim, a motion for judgment on the pleadings faces the same test as a motion to dismiss under Rule 12(b)(6). *McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 810 (9th Cir.1988). In ruling on a motion to dimiss under Rule 12(b)(6), a court must construe the pleadings in the light most favorable to the plaintiff and accept as true all material factual allegations in the complaint, as well as any reasonable inferences drawn therefrom. *Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir.2003). "[C]onclusory allegations without more are insufficient to defeat a motion to dismiss for failure to state a claim." *McGlinchy*, 845 F.2d at 810. The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-679 (2009). Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.*, at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.*, at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid.* Where a complaint pleads facts that are

MOTION FOR JUDGMENT ON
THE PLEADINGS 4 of 18

SMITH LAW PARTNERSHIP LLP
12303 Harbour Pointe Blvd FF 104
Mukilteo, WA 98275
Telephone: (206) 660-3318

"merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.*, at 557.

Where it is clear an amendment would be futile, the court may dismiss the complaint without leave to amend. *Havas v. Thorton,* 609 F.2d 372 (9th Cir. 1979).

### B. Defendant Travis Arket Must Be Dismissed From this Case Because Plaintiffs Fail to Allege Any Facts That Would Impose Personal Liability On Him For Being A Member of Catch Planet, LLC.

Plaintiffs' complaint does not describe or distinguish between which actions or injuries were caused by Travis Arket and which actions or injuries were caused by Catch Planet, LLC. Every cause of action alleged in the complaint refers to "Defendants." In fact, in their complaint, Plaintiffs state "CATCH PLANET and Arket are collectively referred to hereafter as Defendants." All of the causes of action alleged in the complaint are commercial in nature and relate to alleged actions and conduct of Catch Planet, LLC not to any specific actions of Travis Arket. In addition, the complaint does not even discuss whether the corporate veil of Catch Planet, LLC should be pierced in order to subject Travis Arket to personal liability.

Under RCW 25.15.125(1) a member or manager of a limited liability company is not personally liable solely by reason of being a member or manager of the limited liability company. In general, members of an LLC are not personally liable for the LLC's debts, obligations, or liabilities. *Chadwick Farms Owners Ass'n v. FHC LLC,* 166 Wash.2d 178, 200 (2009). RCW 25.15.060 authorizes piercing the veil of a limited liability company and provides that individual members of the company may be liable "to the extent" that shareholders in a corporation may be

MOTION FOR JUDGMENT ON
THE PLEADINGS 5 of 18

**SMITH LAW PARTNERSHIP LLP**
12303 Harbour Pointe Blvd FF 104
Mukilteo, WA 98275
Telephone: (206) 660-3318

subject to personal liability under established case law. Except, that the failure to hold meetings of members or managers or the failure to observe formalities pertaining to the calling or conduct of meetings shall not be considered a factor tending to establish that the members have personal liability for any act, debt, obligation, or liability of the limited liability company if the certificate of formation and limited liability company agreement do not expressly require the holding of meetings of members or managers. RCW 25.15.060.

In general, Plaintiffs would have to show that the limited liability company form was used to violate or evade a duty and that the limited liability company form must be disregarded to prevent loss to an innocent party. *Chadwick Farms,* 166 Wash.2d at 200. Plaintiffs have not alleged any facts that Travis Arket formed Catch Planet, LLC so that he could evade personal liability for the actions conducted by Catch Planet, LLC.

Plaintiffs named Travis Arket in the lawsuit simply because he is the sole member and agent of the LLC without researching the law governing personal liability of LLC members. RCW 25.15.005(4) specifically authorizes that an LLC may have only one member. It appears that he was named merely to intimidate or harass him based on the severe penalties listed in the federal statutes for intentional counterfeiting and infringement under 15 U.S.C. Section 1117 (a), (c) and (d); an award of profits, treble damages, costs and attorney's fees for intentional infringement and up to $2,000,000 per intentional counterfeit mark and up to $100,000 per domain name violation and as highlighted in plaintiff's counsel's cease and desist letters.

MOTION FOR JUDGMENT ON
THE PLEADINGS 6 of 18

**SMITH LAW PARTNERSHIP LLP**
12303 Harbour Pointe Blvd FF 104
Mukilteo, WA  98275
Telephone: (206) 660-3318

Because Plaintiffs fail to allege any facts that impose or could impose personal liability on Travis Arket this court must dismiss Mr. Arket from Plaintiffs' lawsuit with prejudice and not permit Plaintiffs leave to amend their complaint.

    **C.    Plaintiff Andrew Hillstrand's Claims for Trademark Counterfeiting and Infringement Under Section 32(1)(a) and 34(d) of the Lanham Act, 15 U.S.C. Sections 1114(1)(a) and 1116(d) Fail As A Matter of Law Because He Fails To Allege Specific Facts That Support The Elements For Such Claims.**

Plaintiff Andrew Hillstrand's causes of action (and the other named Plaintiffs to the extent they intend on claiming such actions) for trademark infringement and counterfeiting, Counts I and Counts II, fail because Catch Planet obtained legal rights to the trademark prior to the plaintiff and because plaintiff fails to properly allege all the essential elements for the causes of action.

15 U.S.C. Section 1116(d) provides in pertinent part:

d) Civil actions arising out of use of counterfeit marks

> (1)(A)    In the case of a civil action arising under section 1114(1)(a) of this title or section 220506 of Title 36 with respect to a violation that consists **of using a counterfeit mark in connection with the sale, offering for sale, or distribution of goods or services**, the court may, upon ex parte application, grant an order under subsection (a) of this section pursuant to this subsection providing for the seizure of goods and counterfeit marks involved in such violation and the means of making such marks, and records documenting the manufacture, sale, or receipt of things involved in such violation.
>
> (B)    As used in this subsection the term "counterfeit mark" means-

MOTION FOR JUDGMENT ON
THE PLEADINGS 7 of 18

SMITH LAW PARTNERSHIP LLP
12303 Harbour Pointe Blvd FF 104
Mukilteo, WA 98275
Telephone: (206) 660-3318

> (i) a counterfeit of a mark that is registered on the principal register in the United States Patent and Trademark Office for such goods or services sold, offered for sale, or distributed and that is in use, whether or not the person against whom relief is sought knew such mark was so registered; or
>
> (ii) a spurious designation that is identical with, or substantially indistinguishable from, a designation as to which the remedies of this chapter are made available by reason of section 220506 of Title 36;
>
> **but such term does not include any mark or designation used on or in connection with goods or services of which the manufacture or producer was, at the time of the manufacture or production in question authorized to use the mark or designation for the type of goods or services so manufactured or produced, by the holder of the right to use such mark or designation.**

15 U.S.C. Section 1114(1)(a) and (b) provide in pertinent part:

1114. Remedies; infringement; innocent infringement by printers and publishers

> (1) Any person who shall, without the consent of the registrant—
>
> (a) **use in commerce** any reproduction, counterfeit, copy, or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising of any goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive; or
>
> (b) reproduce, counterfeit, copy, or colorably imitate a registered mark and apply such reproduction, counterfeit, copy, or colorable imitation to labels, signs, prints, packages, wrappers, receptacles or advertisements intended to be used

MOTION FOR JUDGMENT ON
THE PLEADINGS 8 of 18

SMITH LAW PARTNERSHIP LLP
12303 Harbour Pointe Blvd FF 104
Mukilteo, WA 98275
Telephone: (206) 660-3318

> in commerce upon or in connection with the sale, offering for sale, distribution, or advertising of goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive,
>
> shall be liable in a civil action by the registrant for the remedies hereinafter provided. Under subsection (b) hereof,
>
> **the registrant shall not be entitled to recover profits or damages unless the acts have been committed with knowledge that such imitation is intended to be used to cause confusion, or to cause mistake, or to deceive.**

Catch Planet purchased the artwork comprising the subject mark from the Crab Broker, Inc. in 2010; and applied to register the mark on April 21, 2011. Plaintiff did not obtain any standing under these federal statutes until he registered Catch Planet's identical mark on January 31, 2012. It is curious why plaintiff's attorney began sending Catch Planet cease and desist letters in July of 2011 to abandon its mark before plaintiff acquired the federally protected mark. Catch Planet could not have infringed on plaintiff's' mark nor counterfeited his mark prior to January 31, 2012 nor after this date as plaintiff alleges in his Complaint because it obtained a right to use the mark prior to January 31, 2012, and because Catch Planet abandoned its mark and has not used the mark after this date; and there are no facts alleged in the Complaint to the contrary. Moreover, because plaintiff did not have a registered mark until January 31, 2012, Catch Planet did not have knowledge of any possible infringement and thus, had no intention of infringing on said mark and as a result, is not liable under the statute for any damages or profits claimed by plaintiff. See 14 U.S.C. Section 1114(1)(b).

In addition, Mr. Hillstrand's threadbare recitals of the elements of this cause of action, supported by mere conclusory statements, do not suffice. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007). Plaintiff recites a portion of the language in the statute comprising his

MOTION FOR JUDGMENT ON
THE PLEADINGS 9 of 18

SMITH LAW PARTNERSHIP LLP
12303 Harbour Pointe Blvd FF 104
Mukilteo, WA 98275
Telephone: (206) 660-3318

causes of action for counterfeiting and infringement but fails to provide specific factual allegations how and when defendants infringed upon and counterfeited his mark.

Plaintiff merely alleges in Counts 1 and II, conclusions in support of his causes of action that defendants offer the identical goods marketed through the same channels as plaintiff, bearing the infringing mark "Bad Boys of the Bearing Sea" and that defendants caused advertising to be placed in interstate commerce offering goods bearing the mark "Bad Boys of the Bearing Sea," and that said use, counterfeits and infringes upon the federally registered trademark of plaintiff, and is likely to cause confusion, mistake, or deception of the public as to the source, sponsorship, or approval of the services.

One of the essential elements for recovery under a cause of action for counterfeiting and trademark infringement is the infringing mark must be shown to the public and used in commerce in connection with an actual sale or distribution. 15 U.S.C. Section 1116(d)(1)(A) and 15 U.S.C. Section 1114(a)(1). The only evidence alleged by Mr. Hillstrand that Catch Planet disclosed his mark to the public and used the mark in commerce and in a sale or distribution, is that he allegedly "became aware of Defendants' infringement when Plaintiffs discovered the domain name www.catchplanet.com, ("Infringing Domain") offering goods identical to those offered by Plaintiff, Andrew Hillstrand, under the mark Bad Boys of the Bearing Sea." Plaintiff's facts maybe possible, but as alleged, they fall short of being plausible to draw the reasonable inference that Catch Planet is liable for the misconduct alleged.

Plaintiff fails to describe any of the goods offered by Catch Planet or that plaintiff offers that are identical; when he became aware of said Infringing Domain; when plaintiff began offering said goods; and what channels he and Catch Planet use to market the goods; how the goods are marketed and labeled; and how said use by Catch Planet is likely to cause confusion, mistake or deception of the public as to the source, sponsorship, or approval of his services in

MOTION FOR JUDGMENT ON
THE PLEADINGS 10 of 18

SMITH LAW PARTNERSHIP LLP
12303 Harbour Pointe Blvd FF 104
Mukilteo, WA 98275
Telephone: (206) 660-3318

connection with a particular sale; and he fails to identify any specific sale made by Catch Planet that infringed or counterfeited his mark. As the Court held in *Twombly*, 550 U.S. at 557, as in the case at bar, where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

Plaintiff also fails to allege any facts which caused him an injury or damages in Counts I and II, caused by Catch Planet's allege infringement and counterfeiting in order to maintain a civil action for lost profits or damages under these statutes. In addition, even if Catch Planet were to have maintained a domain name that is the subject to this controversy and it was deemed to have infringed on plaintiff's mark, which it has not, 15 U.S.C. Section 1114 does not impose monetary civil liability for such actions. See 15 U.S.C. Section 1114(D)(i)(I). It may provide a remedy for injunctive relief, but because Catch Planet abandoned its mark and is no longer using the mark in any manner, injunctive relief is also not available to him.

Based on the foregoing, Andrew Hillstrand has failed to allege any facts, other than baseless conclusions, to support his cause of action against Catch Planet for trade mark infringement or counterfeiting under 15 U.S.C. Sections 1114(1)(a) and 1116(d). Because there is no possible amendments to his Complaint that can cure the defects in his pleading, these causes of action must be dismissed with prejudice and without leave to amend them.

### D. Plaintiff Andrew Hillstrand's Claim for False Designation Of Origin Under Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. Section 1125(a)(1)(A) and (B) Fails As A Matter of Law Because He Fails To Allege Specific Facts That Support The Elements For Such A Claim.

Plaintiff again alleges in Count III, the same threadbare recital of the elements of this cause of action, supported by mere conclusory statements in support of his cause of action against

MOTION FOR JUDGMENT ON
THE PLEADINGS 11 of 18

SMITH LAW PARTNERSHIP LLP
12303 Harbour Pointe Blvd FF 104
Mukilteo, WA 98275
Telephone: (206) 660-3318

Catch Planet for False Designation of Origin. Plaintiff's pleading in such a manner is insufficient to entitle him to relief.

15 U.S.C. Sections 1125(a)(1)(A) and (B) provide in pertinent part:

**§ 1125. False designations of origin, false descriptions, and dilution forbidden**

(a) Civil action

(1) Any person who, on or in connection with any goods or services, or any container for goods, **uses in commerce** any **word, term, name, symbol, or device**, or any combination thereof, or any **false designation of origin**, false or misleading description of fact, or false or misleading representation of fact, which--

**(A) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person,** or

**(B) in commercial advertising or promotion**, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities,

shall be liable in a civil action by any person who believes **that he or she is or is likely to be damaged by such act.**

Plaintiff fails to allege the essential elements of this cause of action in his Complaint. Plaintiff merely alleges that defendants have offered the identical goods marketed through the same channels as plaintiff, bearing the infringing mark "Bad Boys of the Bearing Sea" and that defendants caused advertising to be placed in interstate commerce offering goods bearing the mark "Bad Boys of the Bearing Sea." Plaintiff does not have standing to bring this cause of action because as indicate above in Section V, C of this Motion, Catch Planet had a right to use

MOTION FOR JUDGMENT ON
THE PLEADINGS 12 of 18

**SMITH LAW PARTNERSHIP LLP**
12303 Harbour Pointe Blvd FF 104
Mukilteo, WA 98275
Telephone: (206) 660-3318

the subject mark prior to Andrew Hillstrand's identical registered mark on January 31, 2012, and Catch Planet has not used the mark on or after this date and there are no facts alleged to the contrary.

Plaintiff fails to allege how, when and what goods or sales Catch Planet offered or sold in commerce. Plaintiff fails to allege what, how, and when said goods were marketed by Catch Planet on or after January 31, 2012, with the infringing mark to the public in commerce; and how said goods could confuse, cause mistake, or deceive the purchasers with plaintiff's goods; or how and when Catch Planet used the mark in specific advertising or promotional materials. Plaintiff also fails to allege the essential element how said false designation of origin has injured or will likely injure or damage him. Again, the only evidence proffered in his Complaint of such conduct is a reference to Catch Planet's website on an unspecified date and description of what he allegedly became aware of that Catch Planet was displaying on its website.

Based on the foregoing, Andrew Hillstrand has failed to allege any facts, other than baseless conclusions, to support his cause of action against Catch Planet for a claim of False Designation of Origin. Because there is no possible amendments to his Complaint that can cure the defects in his pleading, this cause of action must be dismissed with prejudice and without leave to amend.

    **E.**    **Plaintiff Andrew Hillstrand's State Law Claim for Common Law Unfair Competition Fails As A Matter of Law Because He Fails To Allege Specific Facts That Support The Elements For Such A Claim.**

Plaintiff fails to allege in Count IV, any elements of a cause of action for Common Law Unfair Competition.

MOTION FOR JUDGMENT ON
THE PLEADINGS 13 of 18

SMITH LAW PARTNERSHIP LLP
12303 Harbour Pointe Blvd FF 104
Mukilteo, WA 98275
Telephone: (206) 660-3318

Plaintiff does not cite any statute or case law that supports his legal conclusion to give notice to Catch Planet what cause of action he is seeking here. Plaintiff merely alleges without specific facts that Catch Planet is liable for unfair competition because the ordinary consumer (without specifying what services offered by the plaintiff, or the defendant that the consumer would be confused about) is likely to be deceived and or confused as to the sources of the defendant's services. Plaintiff fails to allege how the confusion interferes with his business or unfairly competes with his business. Plaintiff doesn't even describe what business Catch Planet would be competing with. Plaintiff also does not allege any specific harm, injury or damages he has suffered or would suffer. Plaintiff also does not allege how Catch Planet's unfair competition is or would be the proximate cause of his harm, injuries, damages.

Clearly, plaintiff has failed to state a claim upon which relief can be granted for unfair competition. These conclusory allegations without more are insufficient to defeat a motion to dismiss for failure to state a claim. *McGlinchy*, 845 F.2d at 810. Moreover, without more than this, the Court cannot possibly draw any reasonable inference that Catch Planet is liable for the misconduct alleged. *Twombly,* 550 U.S at 556. Because there is no possible amendments to his Complaint that can cure the defects in his pleading, this cause of action must be dismissed with prejudice and without leave to amend.

//

//

MOTION FOR JUDGMENT ON
THE PLEADINGS 14 of 18

**SMITH LAW PARTNERSHIP LLP**
12303 Harbour Pointe Blvd FF 104
Mukilteo, WA 98275
Telephone: (206) 660-3318

F.  **Plaintiffs' State Law Claims For Misappropriation of Their Names and Likeness Under RCW 63.60.050, Counts V-IX, Fail As A Matter of Law Because They Fail To Allege Specific Facts That Support The Elements For Such Claims.**

Plaintiffs each allege identical conclusions in Counts V-IX that Catch Planet used their names and likeness on marketing and promotional materials for Defendants' infringing goods, including clothing, mugs photographs, etc. without their consent for purposes of Defendants' financial advantage. Defendants have never used plaintiffs' names of likeness for financial gain and defendants have failed to allege or produce any evidence to the contrary. Plaintiffs' threadbare recitals of the elements of this cause of action for misappropriation supported by mere conclusory statements, does not suffice. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007). Plaintiffs fail to allege a specific date that Catch Planet used or sold any of their names or property and how it gained a financial advantage in said use or sale of said misappropriated name or likeness. Again, the only evidence proffered in the Complaint of such conduct is a reference to Catch Planet's website on an unspecified date that Plaintiffs became aware of that Catch Planet was displaying their name or likeness on its website. Other than Plaintiffs' conclusions alleged, there are no other facts alleged in the Complaint that claim they have witnessed or have knowledge through other witnesses or have demonstrative evidence of said use or sale or distribution by Catch Planet of their names or likeness.

These conclusory allegations without more are insufficient to defeat a motion to dismiss for failure to state a claim. *McGlinchy*, 845 F.2d at 810. Moreover, without more than this, the Court cannot possibly draw any reasonable inference that Catch Planet is liable for the misconduct

MOTION FOR JUDGMENT ON
THE PLEADINGS 15 of 18

SMITH LAW PARTNERSHIP LLP
12303 Harbour Pointe Blvd FF 104
Mukilteo, WA  98275
Telephone:  (206) 660-3318

alleged. *Twombly*, 550 U.S at 556. Because there is no possible amendments to their Complaint that can cure the defects in his pleading, this cause of action must be dismissed with prejudice and without leave to amend.

      G.      **Plaintiffs Claims For Injunctive Relief Fail As A Matter of Law Because They Have Failed To State A Claim For Relief And Have Failed to Allege Any Irreparable Injury.**

Plaintiffs seek an injunction to prevent Catch Planet from further use of its trademark and from using their name or likeness. When seeking and injunction, the plaintiffs must show there is a cognizable wrong to correct. *Hollis v. Garwall, Inc.*, 88 Wn.App 10, 16 (Wash. Ct. App. Div. 1 1997). The essential elements of the right to an injunction are necessity and irreparable injury. See also 15 U.S.C. Section 1116 et seq. and RCW 7.40.020. As indicated throughout this Motion, plaintiffs have failed to allege any right to relief under any of their claims asserted in the Complaint. Moreover, plaintiffs have failed to allege other than in conclusory form, any irreparable injury they may suffer if an injunction is not granted. Catch Planet abandoned the mark that is the subject of this dispute and it is not currently using the mark nor is it using or displaying any of the names or likeness of any of the plaintiffs, and there are no facts alleged or evidence to the contrary.

Based on the foregoing, Plaintiffs are not entitled to injunctive relief in this matter.

//

//

MOTION FOR JUDGMENT ON
THE PLEADINGS 16 of 18

SMITH LAW PARTNERSHIP LLP
12303 Harbour Pointe Blvd FF 104
Mukilteo, WA 98275
Telephone: (206) 660-3318

790 oc090201

**H.     Plaintiffs' Attorneys Should Be Sanctioned Under CR 11 For Filing These Causes Of Action Against Travis Arket and Catch Planet Knowing That Said Actions Lacked Any Basis in Fact and Were Unwarranted by Existing Law.**

CR 11 provides that a trial court may impose sanctions against an attorney who signs a complaint, upon finding that the action lacks a basis in fact or is unwarranted by existing law and that the attorney failed to conduct a reasonable inquiry into the factual and legal basis of the claim. *Bryant v. Joseph Tree, Inc.*, 119 Wash.2d 210, 220, 829 P.2d 1099 (1992). The purpose of "CR 11 is to deter baseless filings and to curb abuses of the judicial system." *Biggs v. Vail*, 124 Wash.2d 193, 197, 876 P.2d 448 (1994). A pleading violates this rule if it is not warranted by existing law. See CR 11(a).

Mr. Arket and Catch Planet requests that this court impose sanctions against Plaintiffs' attorneys for naming them in this lawsuit without any basis in fact or in law and due to the fact that they failed to conduct a reasonable inquiry into the factual and legal basis of the claims alleged against Mr. Arket and Catch Planet. Mr. Arket and Catch Planet requests that they be awarded their attorney's fees incurred by them in this matter as said sanctions.

## VI     CONCLUSION

Plaintiffs have failed to allege any facts that impose personal liability on Travis Arket and therefore, he should be dismissed with prejudice from this lawsuit. Plaintiffs' conclusory allegations with regard to their claims against Catch Planet are insufficient to defeat a motion to dismiss for failure to state a claim. *McGlinchy*, 845 F.2d at 810. Moreover, without more than what they have alleged in their Complaint, this Court cannot possibly draw any reasonable

MOTION FOR JUDGMENT ON
THE PLEADINGS 17 of 18

SMITH LAW PARTNERSHIP LLP
12303 Harbour Pointe Blvd FF 104
Mukilteo, WA 98275
Telephone: (206) 660-3318

1 inference that Catch Planet is liable for the misconduct alleged. *Twombly,* 550 U.S at 556. Because there are no possible amendments to the Complaint that can cure the defects in plaintiffs' pleadings, all of the claims asserted against Travis Arket and Catch Planet must be dismissed with prejudice and without leave to amend. Travis Arket and Catch Planet respectfully request that they be awarded their attorney's fees in defending this matter in accordance with the foregoing Motion.

Respectfully submitted this 11th day of March, 2013.

SMITH LAW PARTNERSHIP, LLP

*/s/ Mark E. Smith*
Mark E. Smith, WSBA #30924
Attorneys for Defendants

MOTION FOR JUDGMENT ON
THE PLEADINGS 18 of 18

SMITH LAW PARTNERSHIP LLP
12303 Harbour Pointe Blvd FF 104
Mukilteo, WA 98275
Telephone: (206) 660-3318

**EXHIBIT A**

790 oc110201

# United States of America
## United States Patent and Trademark Office

# BAD BOYS OF THE BERING SEA

**Reg. No. 4,093,912**
**Registered Jan. 31, 2012**
**Int. Cl.: 25**

**TRADEMARK**

**PRINCIPAL REGISTER**

HILLSTRAND, ANDREW (UNITED STATES INDIVIDUAL)
P.O. BOX 1160
SNOWFLAKE, AZ 85937

FOR: CLOTHING, NAMELY, T-SHIRTS, SWEATSHIRTS, HATS, VISORS, JACKETS, TANK TOPS, SHORT SLEEVE SHIRTS, LONG SLEEVE SHIRTS, HEADWEAR, HOODED PULLOVERS, AND POLO SHIRTS, IN CLASS 25 (U.S. CLS. 22 AND 39).

FIRST USE 8-25-2007; IN COMMERCE 8-25-2007.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

SER. NO. 85-369,093, FILED 7-12-2011.

ROSELLE HERRERA, EXAMINING ATTORNEY



Director of the United States Patent and Trademark Office