The Honorable Robert S. Lasnik

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANDREW HILLSTRAND, JOHNATHAN HILLSTRAND, JOSHUA HARRIS, and JACOB HARRIS, <br><br> Plaintiffs, <br><br> v. <br><br> CATCH PLANET, LLC d/b/a CATCH PLANET and TRAVIS ARKET, <br><br> Defendants. | Case No.: C12-1565RSL <br><br> RESPONSE TO DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS <br><br> ORAL ARGUMENT REQUESTED |

The Plaintiffs, ANDREW HILLSTRAND, JOHNATHAN HILLSTRAND, JOSHUA HARRIS, and JACOB HARRIS (collectively "Plaintiffs"), hereby respond to the Defendants, CATCH PLANET, LLC d/b/a CATCH PLANET and TRAVIS ARKET's (collectively "Defendants") Motion for Judgment on the Pleadings ("Motion") filed March 12, 2013. (Doc. 19).

### I.   General Information

On September 14, 2012, Plaintiffs filed their Complaint. (Doc. 1). On December 12, 2012, Defendants filed their Answer. (Doc. 10). On March 12, 2013, Defendants filed their Motion (Doc. 19) requesting that the Court dismiss all of the Plaintiffs' claims under Federal Rules of Civil Procedure 12(c) and 12(b)(6), for failure to state a claim upon which relief can be granted. Additionally, Defendant, Travis Arket, requested that the Court dismiss him personally from this case under RCW 25.15.125(1) and RCW 25.15.060. Finally, Defendants requested that they be

Response to Defendants' Motion
for Judgment on the Pleadings
Case No.: C12-1565RSL - 1

Mark F. Warzecha
Zies Widerman & Malek
1990 W. New Haven Ave. Suite 201
Melbourne, Florida 32904
(321) 255-2332

awarded their attorney's fees pursuant to CR 11. The Plaintiffs respond to each of these requests below.

## II.     Legal Standard

### A.     Motion for Judgment on the Pleadings Under Federal Rule of Civil Procedure 12(c)

A motion for judgment on the pleadings requires the Court to take all the allegations in the pleadings as true and construe the pleadings in the light most favorable to the nonmoving party. *See Doyle v. Raley's, Inc.,* 158 F.3d 1012, 1014 (9th Cir. 1998). For a motion for judgment on the pleadings to be granted, "it must appear beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Butler v. Resurgence Financial, LLC*, 521 F.Supp.2d 1093, 1095 (C.D. Cal. 2007) (citing *Sun Savings and Loan Ass'n v. Dierdorff,* 825 F.2d 187, 191 (9th Cir. 1987)). Judgment on the pleadings is proper when the moving party "clearly establishes that no material issue of fact remains to be resolved and that he is entitled to judgment as a matter of law." *Doleman v. Meiji Mutual Life Ins. Co.,* 727 F.2d 1480, 1482 (9th Cir. 1984).

Defendants' have done just the opposite in their Motion. Defendants have disputed and contradicted the allegations in the Plaintiffs' Complaint (Doc. 1). In doing so, the Defendants have alleged there are numerous material issues of fact at issue. The instant the Defendants disputed the Plaintiffs' allegations, their Motion failed.

The instances where the Defendants contradict and dispute the Plaintiffs' allegations are abundant throughout the Motion. For example, the Plaintiffs assert in their Complaint that the registrant and owner of www.catchplanet.com (the "Infringing Domain"), the website where the infringing goods are offered for sale, is Defendant Travis Arket.  (Doc. 1, ¶¶ 46 and 57). The Defendants claim, "all of the causes of action alleged in the complaint are commercial in nature and relate to alleged actions and conduct of Catch Planet, LLC not to any specific actions of Travis

Response to Defendants' Motion
for Judgment on the Pleadings
Case No.: C12-1565RSL - 2

Mark F. Warzecha
Zies Widerman & Malek
1990 W. New Haven Ave. Suite 201
Melbourne, Florida 32904
(321) 255-2332

Arket." (Doc. 19, p. 5, ll. 11-12). Not only does the Defendants' statement contradict the Plaintiffs' assertions that Travis Arket, personally, has acted to infringe Plaintiff's trademark, the Defendants' statement is not true.

Furthermore, each and every allegation contained in the Defendants' Motion is unsupported by affidavit or verification. Rather, the entire content of the Defendants' Motion is merely argument of counsel that the Defendants hope will be accepted as fact by the Court. A party cannot rely upon blanket, unsupported assertions or declarations because "arguments and statements of counsel are not evidence and do not create issues of material fact..." *Mann v. GTCR Golder Rauner, L.L.C.,* 483 F.Supp.2d 864, 873 (D. Ariz. 2007) (quoting *Barcamerica Intern. v. Tyfield Importers, Inc.,* 289 F.3d 589, 593 n. 4 (9th Cir.2002)); *Estee Lauder, Inc. v. L'Oreal, S.A.,* 129 F.3d 588, 595, 44 USPQ2d 1610, 1615 (Fed.Cir.1997) ("Arguments of counsel cannot take the place of evidence lacking in the record.").

Also as an example of Defendants' contradictions, Plaintiffs contend that the Defendants asserted their ownership rights to the "Bad Boys of the Bering Sea" trademark in July 2011. (Doc. 1, ¶ 48; Exhibit "B" attached to Doc. 1). In contrast, Defendants contend that they "did not own, advertise, market, sell, or distribute the mark 'Bad Boys of the Bering Sea' on or after 2011." (Doc. 19, p. 2, ll. 18-19). These allegations are in direct contradiction of one another. As stated above, to support an argument for judgment on the pleadings pursuant to Rule 12(c), the moving party must clearly establish that no material issues of fact remain. Defendants have done just the opposite by disputing the allegations in the Plaintiffs' Complaint. As such, the Defendants' Motion should be denied.

Response to Defendants' Motion
for Judgment on the Pleadings
Case No.: C12-1565RSL - 3

Mark F. Warzecha
Zies Widerman & Malek
1990 W. New Haven Ave. Suite 201
Melbourne, Florida 32904
(321) 255-2332

B.  **Motion to Dismiss Under Federal Rule of Civil Procedure 12(b)(6)**

"Rule 12(c) requires that a motion for judgment on the pleadings be made after the pleadings (limited to answer and complaint) are closed..." *Haywood v. City of Lakewood*, 2011 WL 1045763, at *4 (W.D. Wash. 2011). In Defendants' Motion, relief under Rule 12(c) seems to be what the Defendants are requesting; however, it is unclear because the Defendants' Motion also states that the Defendants, "move to dismiss all of plaintiff Andrew Hillstrand's claims under Federal Rule of Civil Procedure ("FRCP") 12(c) and 12(b)(6), for failure to state a claim upon which relief can be granted." (Doc. 19, p. 1, ll.15-17).

If the Court, in the alternative, construes this Motion as a motion to dismiss under Rule 12(b)(6), the Defendants' Motion still fails and the motion to dismiss should be denied.

The standard applied on a Rule 12(c) motion and a Rule 12(b)(6) motion is essentially the same. *See Dworkin v. Hustler Magazine Inc.,* 867 F.2d 1188, 1192 (9th Cir. 1989). Thus, the allegations of the non-moving party are accepted as true, and all inferences reasonably drawn from those facts must be construed in the light most favorable to the responding party. *See Hal Roach Studios, Inc. v. Richard Feiner & Co.,* 896 F.2d 1542, 1550 (9th Cir.1989); *See also Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003).

A complaint need only include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *See Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 554, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). "[D]etailed factual allegations' are not required." *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1940, 173 L.Ed.2d 868 (2009) (citing *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (stating that "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations").

Response to Defendants' Motion
for Judgment on the Pleadings
Case No.: C12-1565RSL - 4

Mark F. Warzecha
Zies Widerman & Malek
1990 W. New Haven Ave. Suite 201
Melbourne, Florida 32904
(321) 255-2332

"A complaint should not be dismissed for failure to state a cause of action 'unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' " *Sun Savings and Loan Ass'n v. Dierdorff,* 825 F.2d 187, 191 (9th Cir.1987) (quoting *Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S.Ct. 99, 101-02, 2 L.Ed.2d 80 (1957)). To survive a motion to dismiss for failure to state a claim, the complaint must allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal,* 129 S.Ct. at 1949 (quoting *Twombly,* 550 U.S. at 570, 127 S.Ct. 1955). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 129 S.Ct. at 1940 (citing *Twombly,* 550 U.S. at 556, 127 S.Ct. 1955).

      **i.**      **The Defendants' Motion to Dismiss Should Be Denied Because the Defendants Misstate the Law by Claiming that the Plaintiffs Must State "Specific Facts" to Support Their Causes of Action**

The Defendants claim that Counts I - IX of the Plaintiffs' Complaint should be dismissed because the Plaintiffs did not allege "specific facts that support the elements for such claims." (For example, Doc. 19, p. 9, l. 20 and p. 10, ll.1-2). Although there are some situations when claims must be pled with particularity, such as fraud, that is not the rule for Plaintiffs' current causes of action. *See* Fed. R. Civ. P. 8(a)(2); *See Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 554, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). The Defendants misstate the standard for what must be pled in the Plaintiffs' complaint. The Plaintiffs, at this stage in the proceedings, are only required to make a short and plain statement of the claim showing that they are entitled to relief, and the Plaintiffs clearly have met that burden. *See Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 554, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Therefore, the Defendants' Motion should be denied.

Response to Defendants' Motion
for Judgment on the Pleadings
Case No.: C12-1565RSL - 5

Mark F. Warzecha
Zies Widerman & Malek
1990 W. New Haven Ave. Suite 201
Melbourne, Florida 32904
(321) 255-2332

Additionally, by stating that "specific facts" are required to state a claim and by the arguments of counsel presented in their Motion, the Defendants are essentially asking this Court to conduct a trial based on the pleadings filed thus far and rule on the ultimate issues in this case, such as which party has legal rights to the trademark "Bad Boys of the Bering Sea." (Doc. 19, p. 7, ll. 7-10). Such a ruling at this stage of the proceedings would be highly improper.

Aside from the Defendants' Motion failing because of the incorrect legal basis for the motion to dismiss, i.e., that the Plaintiffs have to allege "specific facts" in their Complaint, the Defendants' Motion also fails because the Plaintiffs have sufficiently pled factual allegations for each of their causes of action showing that they are entitled to the relief requested. Below, the Plaintiffs will show how they have sufficiently stated a cause of action for each of their claims.

    ii.    **<u>The Plaintiffs Have Stated a Claim for Trademark Counterfeiting Under Section 32(1)(a) and 34(d) of the Lanham Act, 15 U.S.C. §§ 1114(1) and 1116(d)</u>**

The Defendants claim that the Plaintiffs have failed to state a cause of action for trademark counterfeiting; however, a simple reading of the Complaint shows otherwise.

15 U.S.C. § 1114(1) provides:

(1) Any person who shall, without the consent of the registrant--

(a) use in commerce any reproduction, counterfeit, copy, or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising of any goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive; or

(b) reproduce, counterfeit, copy, or colorably imitate a registered mark and apply such reproduction, counterfeit, copy, or colorable imitation to labels, signs, prints, packages, wrappers, receptacles or advertisements intended to be used in commerce upon or in connection with the sale, offering for sale, distribution, or advertising of goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive,

shall be liable in a civil action by the registrant for the remedies hereinafter provided. Under subsection (b) hereof, the registrant shall not be entitled to recover profits or

Response to Defendants' Motion
for Judgment on the Pleadings
Case No.: C12-1565RSL - 6

Mark F. Warzecha
Zies Widerman & Malek
1990 W. New Haven Ave. Suite 201
Melbourne, Florida 32904
(321) 255-2332

damages unless the acts have been committed with knowledge that such imitation is intended to be used to cause confusion, or to cause mistake, or to deceive.

"Section 1114 of the Lanham Act, which establishes the trademark counterfeiting cause of action, prohibits the use of 'any reproduction, counterfeit, copy, or colorable imitation of a registered mark in connection with the sale ... of any goods ... [where] such use is likely to cause confusion ... or to deceive.' " *Westinghouse Elec. Corp. v. General Circuit Breaker & Elec. Supply Inc.,* 106 F.3d 894, 899 (9th Cir. 1997); *See* 15 U.S.C. § 1114(1)(a).

In their Complaint, the Plaintiffs have established all of the above elements necessary to state a claim for trademark counterfeiting. Specifically, the Plaintiffs have alleged that the Defendants have used the Plaintiff's registered trademark, in commerce, without the consent of Plaintiff, which such use is likely to cause confusion, or to cause mistake, or to deceive, thereby causing injury and damage to the Plaintiffs. (Doc. 1, ¶¶ 40-43, 45, 55, 56 and 66). Therefore, Defendants' Motion should be denied.

The Defendants also allege that the Plaintiffs failed to state a claim under 15 U.S.C. § 1116(d).

15 U.S.C. § 1116(d) provides in pertinent part:

Civil actions arising out of use of counterfeit marks

(1)(A) In the case of a civil action arising under section 1114(1)(a) of this title or section 220506 of Title 36 with respect to a violation that consists of using a counterfeit mark in connection with the sale, offering for sale, or distribution of goods or services, the court may, upon ex parte application, grant an order under subsection (a) of this section pursuant to this subsection providing for the seizure of goods and counterfeit marks involved in such violation and the means of making such marks, and records documenting the manufacture, sale, or receipt of things involved in such violation.

(B) As used in this subsection the term "counterfeit mark" means—

(i) a counterfeit of a mark that is registered on the principal register in the United States Patent and Trademark Office for such goods or services sold, offered for sale,

Response to Defendants' Motion
for Judgment on the Pleadings
Case No.: C12-1565RSL - 7

Mark F. Warzecha
Zies Widerman & Malek
1990 W. New Haven Ave. Suite 201
Melbourne, Florida 32904
(321) 255-2332

or distributed and that is in use, whether or not the person against whom relief is sought knew such mark was so registered; or

(ii) a spurious designation that is identical with, or substantially indistinguishable from, a designation as to which the remedies of this chapter are made available by reason of section 220506 of Title 36;

Subsection (a) of 15 U.S.C. § 1116, provides for injunctive relief to prevent the violation of any right of a trademark registrant. *See* 15 U.S.C. § 1116(a). "Injunctive relief is the remedy of choice for trademark and unfair competition cases, since there is no adequate remedy at law for the injury caused by a defendant's continuing infringement." *Century 21 Real Estate Corp. v. Sandlin,* 846 F.2d 1175, 1180 (9th Cir.1988).

The Plaintiffs have established all of the above elements necessary to state a claim for injunctive relief and seizure of the goods and counterfeit marks the Defendants possess pursuant to 15 U.S.C. § 1116(d). Specifically, the Plaintiffs have alleged that the Defendants' use of the Plaintiff's mark in conjunction with offering goods bearing the infringing mark counterfeits the federally registered mark of Plaintiff and said use is likely to cause confusion, mistake, or deception of the public as to the source, sponsorship, or approval of the goods, thereby causing injury to the Plaintiffs. (Doc. 1, ¶¶ 40, 42-44, 61 and 63). Therefore, Defendants' Motion should be denied.

### iii. The Plaintiffs Have Stated a Claim for Trademark Infringement Under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1)

The Plaintiffs' claim for trademark infringement has been sufficiently pled showing that the Plaintiffs are entitled to relief. As outlined above, under 15 U.S.C. § 1114(1), "… any person who uses the trademark of another, without consent, in a manner that is likely to cause confusion, mistake, or to deceive may be liable in a civil action for trademark infringement." *See Brookfield Communications, Inc. v. West Coast Entertainment Corp.,* 174 F.3d 1036 (9th Cir. 1999).

Response to Defendants' Motion
for Judgment on the Pleadings
Case No.: C12-1565RSL - 8

Mark F. Warzecha
Zies Widerman & Malek
1990 W. New Haven Ave. Suite 201
Melbourne, Florida 32904
(321) 255-2332

In their Complaint, Plaintiff alleged that the Defendants' use of the Plaintiff's registered mark, in commerce, without the consent of the Plaintiff will likely cause confusion, mistake, or deception in the consumers' mind as to the source of the goods, thereby causing injury and damage to the Plaintiffs. (Doc. 1, ¶¶ 40-43, 45, 55, 56 and 66). Therefore, Defendants' Motion should be denied.

The Defendants also argue that the Plaintiffs' trademark counterfeiting, trademark infringement, and false designation of origin claims should be dismissed because, "Catch Planet obtained legal rights to the trademark prior to the plaintiff." (Doc. 19, p. 7, ll. 8-9; See also Doc. 19, p. 12, ll. 20-21 and p. 13, ll. 1-3). First, Defendants offer no admissible evidence of this alleged "fact". If Defendants' counsel wishes to testify, he should withdraw from representing the Defendants and become a fact witness. Otherwise, the unsubstantiated argument of counsel is of no import to this Court. Second, the Plaintiff alleges that it used the mark in interstate commerce since at least as early as 2007, well before the Defendants' infringing acts. (Doc. 1, ¶¶ 13 and 17). Furthermore, this statement defeats the Defendants' contention that they are entitled to Judgment on the pleadings as all the allegations of the non-moving party must be accepted as true. *See Hal Roach Studios, Inc. v. Richard Feiner & Co.,* 896 F.2d 1542, 1550 (9th Cir.1989).

Because the Defendants have chosen to dispute a material factual allegation, their Motion for Judgment on the Pleadings fails. As stated above, a Motion to Dismiss or a Motion for Judgment on the Pleadings is not the place for the Defendants' counsel to argue the ultimate issue of liability in this case. Therefore, the argument of counsel is irrelevant here. As such, the Plaintiffs will not undertake the task of discrediting and/or disproving the arguments of the Defendants' counsel included in the Motion as prior case law does not require the Plaintiff to do so. Therefore, Defendants' Motion should be denied.

Mark F. Warzecha
Zies Widerman & Malek
1990 W. New Haven Ave. Suite 201
Melbourne, Florida 32904
(321) 255-2332

### iv. The Plaintiffs Have Stated a Claim for False Designation of Origin Under Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A)

15 U.S.C. § 1125(a)(1)(A) provides in pertinent part that:

(a) Civil action

(1) Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which—

(A) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person, or

(B) in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities,

shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

The above outlined section, "covers certain false representations that are likely to deceive consumers with respect to a person's sponsorship or approval of services." *Ott v. Ingenix, Inc.*, 2008 WL 4459411, at *2 (E.D. Wash. 2008); *See Waits v. Frito-Lay,* 978 F.2d 1093, 1107-10 (9th Cir.1992).

In their Complaint, the Plaintiffs have alleged all of the above elements necessary to state a claim for false designation of origin. Specifically, the Plaintiffs have alleged that the Defendants' use of the Plaintiff's registered mark, in commerce, without the Plaintiff's consent, is likely to cause confusion, or to cause mistake, or to deceive consumers with respect to the sponsorship or approval of the goods, thereby causing injury and damage to the Plaintiffs. (Doc. 1, ¶¶ 42-44, 55-56, 61, 63 and 66). Therefore, Defendants' Motion should be denied.

Response to Defendants' Motion
for Judgment on the Pleadings
Case No.: C12-1565RSL - 10

Mark F. Warzecha
Zies Widerman & Malek
1990 W. New Haven Ave. Suite 201
Melbourne, Florida 32904
(321) 255-2332

    **v.**    **The Plaintiffs Have Stated a Claim for Common Law Unfair Competition**

"[T]he common law has been understood as protecting against the broad business tort of "unfair competition." Trademark infringement is a species of this generic concept." *International Order of Job's Daughters v. Lindeburg and Co.*, 633 F.2d 912, 915 (9th Cir. 1980). Unfair competition precludes one from "using another's distinctive mark or name if it will cause a likelihood of confusion or deception as to the origin of the goods." *New West Corp. v. NYM Co. California, Inc.*, 595 F.2d 1194, 1201 (9th Cir. 1979).

In their Complaint, the Plaintiffs have established all of the above elements necessary to state a claim for common law unfair competition. Specifically, the Plaintiffs have alleged that the Defendants' use of the Plaintiff's registered mark, in commerce, without the Plaintiff's consent, is likely to confuse or deceive the ordinary consumers with respect to the source of the Defendants' goods, thereby causing great and irreparable injury and damage to the Plaintiffs. (Doc. 1, ¶¶ 42-44, 55-56, 61, 63 and 66). Therefore, Defendants' Motion should be denied.

    **vi.**    **The Plaintiffs Have Stated a Claim for Misappropriation of the Name and Likeness of Philip Harris, Joshua Harris, Jacob Harris, Andrew Hillstrand, and Johnathan Hillstrand Under RCW 63.60.050**

RCW 63.60.050 provides that:

Any person who uses or authorizes the use of a living or deceased individual's or personality's name, voice, signature, photograph, or likeness, on or in goods, merchandise, or products entered into commerce in this state, or for purposes of advertising products, merchandise, goods, or services, or for purposes of fund-raising or solicitation of donations, or if any person disseminates or publishes such advertisements in this state, without written or oral, express or implied consent of the owner of the right, has infringed such right. An infringement may occur under this section without regard to whether the use or activity is for profit or not for profit.

*See Experience Hendrix, L.L.C. v. HendrixLicensing.com, LTD,* 766 F.Supp.2d 1122 (W.D. Wash. 2011).

Response to Defendants' Motion
for Judgment on the Pleadings
Case No.: C12-1565RSL - 11

Mark F. Warzecha
Zies Widerman & Malek
1990 W. New Haven Ave. Suite 201
Melbourne, Florida 32904
(321) 255-2332

In their Complaint, the Plaintiffs have alleged all of the above elements necessary to state a claim for misappropriation of the name and likeness of Philip Harris, Joshua Harris, Jacob Harris, Andrew Hillstrand, and Johnathan Hillstrand. Specifically, the Plaintiffs have alleged that the Defendants have used the name, image, and/or likeness of the Plaintiffs and Philip Harris (whose name and likeness is owned by Joshua and Jacob Harris) on marketing and promotional materials for the Defendants' infringing goods sold in interstate commerce, without the Plaintiffs' consent, thereby causing injury and damage to the Plaintiffs. (Doc. 1, ¶¶ 24, 26-28, 30, 36-39 and 55-56). Therefore, Defendants' Motion should be denied.

### vii.   The Plaintiffs Have Stated a Claim for Injunctive Relief

As explained above, "[i]njunctive relief is the remedy of choice for trademark and unfair competition cases, since there is no adequate remedy at law for the injury caused by a defendant's continuing infringement." *Century 21 Real Estate Corp. v. Sandlin,* 846 F.2d 1175, 1180 (9th Cir.1988); *See* 15 U.S.C. § 1116(d).

A party seeking an injunction must establish four elements: (1) that there is a substantial likelihood of success on the merits; (2) that it would be irreparably harmed if injunctive relief were denied; (3) that the threatened injury to the moving party outweighs whatever damage the injunction may cause to the non-moving party; and (4) that the injunction, if issued, would not be adverse to the public interest. *See Nitro Leisure Products, L.L.C. v. Acushnet Co.,* 341 F.3d 1356 (Fed. Cir. 2003).

In their Complaint, the Plaintiffs have alleged all of the above elements necessary to state a claim for injunctive relief. Specifically, the Plaintiffs have made allegations sufficient to show that the Defendants are liable for their infringing activities, that the Defendants have refused to refrain from committing the infringing acts after Plaintiffs' demands, that the Plaintiffs have sustained and

Response to Defendants' Motion
for Judgment on the Pleadings
Case No.: C12-1565RSL - 12

Mark F. Warzecha
Zies Widerman & Malek
1990 W. New Haven Ave. Suite 201
Melbourne, Florida 32904
(321) 255-2332

will sustain great and irreparable injury if the Defendants are not enjoined, that the Plaintiffs cannot be fully compensated in damages and are without an adequate remedy at law, that the threatened injury to the Plaintiffs outweighs whatever damage the injunction may cause the Defendants, and that the injunction will not be adverse to the public interest. (Doc. 1, ¶¶ 13-15, 17, 24, 26-28, 30, 36-56, 61-67). Therefore, the Defendants' Motion should be denied.

In conclusion, if the Defendants' Motion is construed as a motion to dismiss, it should be denied for the reasons stated above, the Plaintiffs have stated a cause of action for each of their claims. In the alternative, if the Defendants' Motion is construed as a motion for judgment on the pleadings, it should be denied because the Defendants dispute and take issue with multiple material factual allegations in the Complaint, thereby defeating the Defendants' own burden of accepting the Plaintiffs' factual allegations as true, thereby creating genuine issues of fact to be decided by the Court.

      C.    **Amendment of Pleadings Under Federal Rule of Civil Procedure 15**

In their Motion, the Defendants contend that there is, "no possible amendments to the Complaint that can cure the defects in plaintiffs' pleadings..." (Doc. 19, p. 18, ll. 2-4). "Dismissal without leave to amend is proper only in extraordinary cases." *Broam v.* Bogan, 320 F.3d 1023, 1028 (9th Cir. 2003). A dismissal without leave to amend "is improper unless it is clear that the complaint could not be saved by any amendment." *Livid Holdings Ltd. v. Salomon Smith Barney, Inc.,* 416 F.3d 940, 946 (9th Cir.2005). "[I]n dismissals for failure to state a claim, a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss and Liehe, Inc. v. N. Cal. Collection Serv. Inc.,* 911 F.2d 242, 247 (9th Cir.1990). Should

Response to Defendants' Motion
for Judgment on the Pleadings
Case No.: C12-1565RSL - 13

Mark F. Warzecha
Zies Widerman & Malek
1990 W. New Haven Ave. Suite 201
Melbourne, Florida 32904
(321) 255-2332

this Court be inclined to grant the Defendants' Motion, the Plaintiffs request leave to amend their Complaint.

### III. The Court Should Not Dismiss the Complaint against Travis Arket, Individually, Because the Plaintiffs Have Made Allegations That Would Impose Personal Liability on Travis Arket

In their Motion, the Defendants state that the Court should dismiss the Plaintiffs' Complaint against Travis Arket, individually, because he is immune from liability as a member of an LLC under RCW 25.15.125(1) and because Plaintiffs have alleged no facts that would impose personal liability on Travis Arket. This is simply not true. The Plaintiffs have asserted allegations in their Complaint which impose liability on Travis Arket, individually. For example, the Plaintiffs state that they became aware of the Defendants' infringement when they discovered the Infringing Domain, **owned by Travis Arket**, which offered for sale goods bearing the "Bad Boys of the Bering Sea" mark. (Doc. 1, ¶¶ 45 and 46)(emphasis added). By owning the Infringing Domain which offers for sale goods that infringe on the Plaintiff's mark, Travis Arket is personally liable.

Also in their Motion, Defendants raise the issue that Travis Arket is immune from liability pursuant to RCW 25.15.125(1) and RCW 25.15.060 and because Plaintiffs did not "discuss whether the corporate veil of Catch Planet, LLC should be pierced." (Doc. 19, p. 5, ll. 13-14). Plaintiffs do not contend that Catch Planet, LLC's corporate veil has been or should be pierced at this juncture. This is unnecessary at this stage of the proceedings because Travis Arket is personally liable as the owner of the Infringing Domain. Catch Planet, LLC does not own the Infringing Domain, so Plaintiffs do not need to delve into the issue of piercing the corporate veil. If further information is uncovered during the discovery process, Plaintiffs will move to amend. However, at this stage, the Plaintiffs have alleged that Arket is the owner of the website and domain that is selling the infringing goods. Therefore, he is personally liable and piercing the corporate veil is irrelevant.

Response to Defendants' Motion
for Judgment on the Pleadings
Case No.: C12-1565RSL - 14

Mark F. Warzecha
Zies Widerman & Malek
1990 W. New Haven Ave. Suite 201
Melbourne, Florida 32904
(321) 255-2332

As stated above, in evaluating a motion to dismiss, the allegations of the non-moving party are accepted as true, and all inferences reasonably drawn from those facts must be construed in favor of the responding party. *See Hal Roach Studios, Inc. v. Richard Feiner & Co.,* 896 F.2d 1542, 1550 (9th Cir.1989); *See also Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003). As such, the Plaintiffs' allegation that Travis Arket acted individually to infringe the Plaintiff's mark must be accepted as true, and therefore, the Defendants' motion to dismiss Travis Arket from this case should be denied.

### IV. The Plaintiffs' Attorneys Should Not Be Sanctioned Under CR 11 Because Travis Arket and Catch Planet, LLC Were Properly Named as Parties to this Case and Because All of the Plaintiffs' Claims Have a Factual and Legal Basis

As stated above, each of the Plaintiffs' causes of action were sufficiently pled in the Plaintiffs' Complaint, and there is a factual and legal basis for each of the Plaintiffs' claims. The Defendants claim that they should be awarded attorneys' fees because the Plaintiffs "failed to conduct a reasonable inquiry into the factual and legal basis of the claims." (Doc. 19, p.17, l. 5). This assertion is absolutely meritless. In actuality, the Plaintiffs conducted a thorough inquiry into the basis of their claims and tried diligently to resolve this matter without this Court having to intervene. (See Exhibits "A", "C", "F", and "G" attached to Doc. 1). Because the Plaintiffs have pled a legal and factual basis for each of their claims and because Plaintiffs have properly named Catch Planet, LLC and Travis Arket as parties to this suit, the Defendants have no basis for sanctions against the Plaintiffs' attorneys and their request for an award of attorneys' fees pursuant to CR 11 should be denied.

Response to Defendants' Motion
for Judgment on the Pleadings
Case No.: C12-1565RSL - 15

Mark F. Warzecha
Zies Widerman & Malek
1990 W. New Haven Ave. Suite 201
Melbourne, Florida 32904
(321) 255-2332

Dated:  March 29, 2013.

                               Respectfully submitted,

                               */s/ Mark F. Warzecha*
                               Mark F. Warzecha, Esquire
                               Trial Counsel (Admitted Pro Hac Vice)
                               Florida Bar No. 0095779
                               Zies Widerman & Malek
                               1990 W. New Haven Avenue, Suite 201
                               Melbourne, Florida 32904
                               Tel.:    321-255-2332
                               Fax:    321-255-2351


                               Edward A. Ritter, II, Esquire
                               Trial Counsel
                               Washington Bar No. 34499
                               Law Office of Edward Ritter
                               1609 308th Street, S.E.
                               Bothell, Washington 98012
                               Tel.:    206-223-0868
                               Fax:    206-641-9742
                               *Attorneys for Plaintiffs*

Response to Defendants' Motion
for Judgment on the Pleadings
Case No.: C12-1565RSL - 16

Mark F. Warzecha
Zies Widerman & Malek
1990 W. New Haven Ave. Suite 201
Melbourne, Florida 32904
(321) 255-2332

## CERTIFICATE OF SERVICE

I hereby certify that on March 29, 2013, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will serve a copy on Plaintiff's counsel.

    /s/ *Mark F. Warzecha*
Mark F. Warzecha, Esquire
Florida Bar No. 0095779

Response to Defendants' Motion
for Judgment on the Pleadings
Case No.: C12-1565RSL - 17

Mark F. Warzecha
Zies Widerman & Malek
1990 W. New Haven Ave. Suite 201
Melbourne, Florida 32904
(321) 255-2332