Honorable Judge Robert S. Lasnik

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANDREW HILLSTRAND, et al.,<br><br>　　　　　　　　Plaintiffs,<br><br>　v.<br><br>CATCH PLANET, L.L.C., et al.,<br><br>　　　　　　　　Defendants | Case No.  C12-1565RSL<br><br>**REPLY TO PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>**NOTE OF MOTION CALENDAR**<br>**April 5, 2013** |

## I.　BACKGROUND

In their motion under Federal Rule of Civil Procedure 12(c) for Judgment on the Pleadings, Defendants, Travis Arket and Catch Planet, L.L.C. ("Catch Planet") moved to dismiss all of Plaintiffs' claims under Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim upon which relief can be granted and have requested their attorney's fees under CR 11. Plaintiffs' filed their Response on March 29, 2013.

REPLY TO PLAINTIFFS'
RESPONSE TO DEFENDANTS'
MOTION FOR JUDGMENT ON
THE PLEADINGS 1 of 9

**SMITH LAW PARTNERSHIP LLP**
12303 Harbour Pointe Blvd FF 104
Mukilteo, WA  98275
Telephone:  (206) 660-3318

## II.  ARGUMENT

### A.  Defendants Have Stated the Proper Legal Standard

Plaintiffs concede that when a Rule 12(c) motion is used as Defendants have done, to raise a defense of failure to state a claim, a motion for judgment on the pleadings faces the same test as a motion to dismiss under Rule 12(b)(6).  Therefore, Defendants' Motion is properly before the Court in accordance with *McGlinchy v. Shell Chem. Co.,* 845 F.2d 802, 810 (9th Cir. 1988).

Contrary to Plaintiffs' argument that Defendants require Plaintiffs to plead with particularity, Defendants argue that Plaintiffs have stated conclusory allegations in the form of threadbare recitals of the elements in each of their causes of action. Plaintiffs' pleading as discussed in Defendants' Motion and herein, is insufficient to survive a motion to dismiss for failure to state a claim.  *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007); *McGlinchy*, 845 F.2d at 810.

### B.  Plaintiffs Fail To Allege Any Facts That Impose Personal Liability On Travis Arket.

Contrary to Plaintiff's argument, Plaintiffs' allegations in paragraphs 45 and 46 of their complaint do not allege any facts that could impose personal liability on Travis Arket.  Paragraph 45 states the "Plaintiffs discovered the domain name www.catchplanet.com ("Infringing Domain") offering goods identical to those offered by the Plaintiff, Andrew Hillstrand under the mark Bad Boys of the Bearing Sea." Paragraph 46 states "An investigation as to the owner of the Infringing Domain revealed that it was registered through GoDaddy.com and the Registrant was Defendant Travis Arket."  Just because Travis Arket registered www.catchplanet.com, does not show that he owns the domain.  Limited Liability Companies naturally operate through their

REPLY TO PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS 2 of 9

SMITH LAW PARTNERSHIP LLP
12303 Harbour Pointe Blvd FF 104
Mukilteo, WA  98275
Telephone:  (206) 660-3318

members, and as the sole member of Catch Planet, LLC, Travis Arket is not personally liable solely by reason of being a member of the limited liability company. RCW 25.15.125(1); *Chadwick Farms Owners Ass'n v. FHC LLC,* 166 Wash.2d 178, 200 (2009). Therefore, contrary to Plaintiffs' argument that piercing the corporate veil theory is irrelevant in this matter, Plaintiffs must allege facts that show that Catch Planet, LLC was used to violate or evade a duty and that Catch Planet, LLC must be disregarded to prevent loss to an innocent party. *Chadwick Farms,* 166 Wash.2d at 200. Plaintiffs have not alleged any facts that Travis Arket formed Catch Planet, LLC ("Catch Planet") so that he could evade personal liability for the actions conducted by Catch Planet, LLC and therefore, this court must dismiss Mr. Arket from Plaintiffs' lawsuit with prejudice and not permit Plaintiffs leave to amend their complaint.

      **C.**    **Plaintiff Andrew Hillstrand Fails To Allege Any Facts To Support's His Claims for Trademark Counterfeiting and Infringement Under Section 32(1)(a) and 34(d) of the Lanham Act, 15 U.S.C. Sections 1114(1)(a) and 1116(d).**

Contrary to Plaintiff's argument that he has properly alleged facts to support these causes of actions, Defendants argue that he merely recites language in the statutes comprising his causes of action for counterfeiting and infringement in Counts I and II, but fails to provide any factual allegations how and when defendants infringed upon and counterfeited his mark. Mr. Hillstrand's threadbare recitals of the elements of this cause of action, supported by mere conclusory statements, do not suffice. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007).

Plaintiff fails to describe any of the goods offered by Catch Planet or that Plaintiff offers that are identical; when he became aware of said Infringing Domain; when Plaintiff began offering said goods; and what channels he and Catch Planet use to market the goods; how the goods are marketed and labeled; and how said use by Catch Planet is likely to cause confusion,

| | |
|---|---|
| REPLY TO PLAINTIFFS'<br>RESPONSE TO DEFENDANTS'<br>MOTION FOR JUDGMENT ON<br>THE PLEADINGS 3 of 9 | **SMITH LAW PARTNERSHIP LLP**<br>12303 Harbour Pointe Blvd FF 104<br>Mukilteo, WA  98275<br>Telephone:  (206) 660-3318 |

790 oc300201

mistake or deception of the public as to the source, sponsorship, or approval of his services in connection with a particular sale; and he fails to identify any sale made by Catch Planet that infringed or counterfeited his mark.  As the Court held in *Twombly*, 550 U.S. at 557, as in the case at bar, where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief."

Plaintiff also does not have standing to bring this cause of action because Catch Planet had a right to use the subject mark prior to Andrew Hillstrand's identical registered mark on January 31, 2012, and Catch Planet has not used the mark on or after this date and there are no facts alleged to the contrary.  See Defendants' Exhibit A and Plaintiffs' Exhibit H.  Because there are no possible amendments to his Complaint that can cure the defects in his pleading, these causes of action must be dismissed with prejudice and without leave to amend them.

**D.    Plaintiff Andrew Hillstrand Fails To Allege Any Facts To Support His For False Designation Of Origin Under Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. Section 1125(a)(1)(A).**

Contrary to Plaintiff's argument that he has properly alleged facts to support this cause of action, Plaintiff again alleges in Count III, the same threadbare recital of the elements of this cause of action, supported by mere conclusory statements.  Plaintiff's pleading in such a manner is insufficient to entitle him to relief.

Plaintiff merely alleges that Defendants have offered the identical goods marketed through the same channels as Plaintiff, bearing the infringing mark "Bad Boys of the Bearing Sea" and that defendants caused advertising to be placed in interstate commerce offering goods bearing the mark "Bad Boys of the Bearing Sea."

REPLY TO PLAINTIFFS'
RESPONSE TO DEFENDANTS'
MOTION FOR JUDGMENT ON
THE PLEADINGS 4 of 9

**SMITH LAW PARTNERSHIP LLP**
12303 Harbour Pointe Blvd FF 104
Mukilteo, WA  98275
Telephone:  (206) 660-3318

Plaintiff fails to allege how, when and what goods or sales he offers and what goods and sales Catch Planet offered or sold in commerce. Plaintiff fails to allege what, how, and when said goods were marketed by Catch Planet on or after January 31, 2012, with the infringing mark to the public in commerce; and how said goods could confuse, cause mistake, or deceive the purchasers with plaintiff's goods; or how and when Catch Planet used the mark in specific advertising or promotional materials. Plaintiff also fails to allege the essential element how said false designation of origin has injured or will likely injure or damage him. Plaintiff also does not have standing to bring this cause of action because Catch Planet had a right to use the subject mark prior to Andrew Hillstrand's identical registered mark on January 31, 2012, and Catch Planet has not used the mark on or after this date and there are no facts alleged to the contrary. See Defendants' Exhibit A and Plaintiffs' Exhibit H.

Based on the foregoing, Andrew Hillstrand has failed to allege any facts, other than baseless conclusions, to support his cause of action against Catch Planet for a claim of False Designation of Origin. Because there is no possible amendments to his Complaint that can cure the defects in his pleading, this cause of action must be dismissed with prejudice and without leave to amend.

**E.     Plaintiff Andrew Hillstrand Fails To Allege Any Facts That Support His Claim for Common Law Unfair Competition**

Contrary to Plaintiff's argument, Plaintiff fails to allege in Count IV, any elements of a cause of action for Common Law Unfair Competition.

REPLY TO PLAINTIFFS'
RESPONSE TO DEFENDANTS'
MOTION FOR JUDGMENT ON
THE PLEADINGS 5 of 9

SMITH LAW PARTNERSHIP LLP
12303 Harbour Pointe Blvd FF 104
Mukilteo, WA  98275
Telephone:  (206) 660-3318

Plaintiff merely alleges without any facts that Catch Planet is liable for unfair competition because the ordinary consumer (without specifying what services offered by the plaintiff, or the defendant that the consumer would be confused about) is likely to be deceived and or confused as to the sources of the defendant's services.  Plaintiff fails to allege how the confusion interferes with his business or unfairly competes with his business.  Plaintiff doesn't even describe what business Catch Planet would be competing with.  Plaintiff also does not allege any specific harm, injury or damages he has suffered or would suffer.  Plaintiff also does not allege how Catch Planet's unfair competition is or would be the proximate cause of his harm, injuries, damages.

Clearly, Plaintiff has failed to state a claim upon which relief can be granted for unfair competition.  These conclusory allegations without more are insufficient to defeat a motion to dismiss for failure to state a claim.  *McGlinchy*, 845 F.2d at 810.  Moreover, without more than this, the Court cannot possibly draw any reasonable inference that Catch Planet is liable for the misconduct alleged.  *Twombly,* 550 U.S at 556.  Because there is no possible amendments to his Complaint that can cure the defects in his pleading, this cause of action must be dismissed with prejudice and without leave to amend.

F.  **Plaintiffs' Fail To Allege Any Facts That Support State Law Claims For Misappropriation of Their Names and Likeness Under RCW 63.60.050, Counts V-IX.**

Contrary to Plaintiffs' arguments that they have alleged facts to support these claims, Plaintiffs merely allege identical conclusions in Counts V-IX that Catch Planet used their names and likeness on marketing and promotional materials for Defendants' infringing goods, including clothing, mugs photographs, etc. without their consent for purposes of Defendants' financial

REPLY TO PLAINTIFFS'
RESPONSE TO DEFENDANTS'
MOTION FOR JUDGMENT ON
THE PLEADINGS 6 of 9

**SMITH LAW PARTNERSHIP LLP**
12303 Harbour Pointe Blvd FF 104
Mukilteo, WA  98275
Telephone:  (206) 660-3318

790 oc300201

advantage. Plaintiffs' threadbare recitals of the elements of this cause of action for misappropriation supported by mere conclusory statements, does not suffice. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007). Plaintiffs fail to allege a specific date that Catch Planet used or sold any of their names or property and how it gained a financial advantage in said use or sale of said misappropriated name or likeness. Again, the only facts alleged of such conduct is a reference to Catch Planet's website on an unspecified date that Plaintiffs became aware that Catch Planet was displaying their name or likeness on its website. Other than Plaintiffs' bare conclusions, there are no facts alleged in the Complaint of said use or sale or distribution by Catch Planet of their names or likeness.

These conclusory allegations without more are insufficient to defeat a motion to dismiss for failure to state a claim. *McGlinchy*, 845 F.2d at 810. Moreover, without more than this, the Court cannot possibly draw any reasonable inference that Catch Planet is liable for the misconduct alleged. *Twombly,* 550 U.S at 556. Because there is no possible amendments to their Complaint that can cure the defects in their pleading, these causes of action must be dismissed with prejudice and without leave to amend.

G. **Plaintiffs Fail to Allege Any Facts Showing Irreparable Injury For Injunctive Relief.**

Plaintiffs seek an injunction to prevent Catch Planet from further use of its trademark and from using their name or likeness. When seeking and injunction, the plaintiffs must show there is a cognizable wrong to correct. *Hollis v. Garwall, Inc*., 88 Wn.App 10, 16 (Wash. Ct. App. Div. 1 1997). The essential elements of the right to an injunction are necessity

REPLY TO PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS 7 of 9

**SMITH LAW PARTNERSHIP LLP**
12303 Harbour Pointe Blvd FF 104
Mukilteo, WA  98275
Telephone:  (206) 660-3318

and irreparable injury.  See also 15 U.S.C. Section 1116 et seq. and RCW 7.40.020.  As indicated throughout Defendants' Motion and this Reply, Plaintiffs have failed to allege other than in conclusory form, any irreparable injury they may suffer if an injunction is not granted.

Based on the foregoing, Plaintiffs are not entitled to injunctive relief in this matter.

**H.     Plaintiffs' Attorneys Should Be Sanctioned Under CR 11 For Filing These Causes Of Action Against Travis Arket and Catch Planet Knowing That Said Actions Lacked Any Basis in Fact and Were Unwarranted by Existing Law.**

Contrary to Plaintiffs' argument, CR 11 sanctions should be imposed against their attorneys for naming Defendants in this lawsuit without any basis in fact or in law and due to the fact that they failed to conduct a reasonable inquiry into the factual and legal basis of the claims alleged against Mr. Arket and Catch Planet.  Defendants request that they be awarded their attorney's fees incurred by them in this matter as said sanctions.

### III.     CONCLUSION

Plaintiffs have failed to allege any facts that impose personal liability on Travis Arket and therefore, he should be dismissed with prejudice from this lawsuit.  Plaintiffs' conclusory allegations with regard to their claims against Catch Planet are insufficient to defeat a motion to dismiss for failure to state a claim.  *McGlinchy*, 845 F.2d at 810.  Moreover, without more than what they have alleged in their Complaint, this Court cannot possibly draw any reasonable inference that Catch Planet is liable for the misconduct alleged.  *Twombly,* 550 U.S at 556.  Because there are no possible amendments to the Complaint that can cure the defects in Plaintiffs' pleadings, all of the claims asserted against Travis Arket and Catch Planet must be dismissed with

REPLY TO PLAINTIFFS'
RESPONSE TO DEFENDANTS'
MOTION FOR JUDGMENT ON
THE PLEADINGS 8 of 9

**SMITH LAW PARTNERSHIP LLP**
12303 Harbour Pointe Blvd FF 104
Mukilteo, WA  98275
Telephone:  (206) 660-3318

790 oc300201

1  prejudice and without leave to amend.  Defendants respectfully request that they be awarded their

2  attorney's fees in defending this matter in accordance with Their Motion and this Reply.

3

4        Respectfully submitted this 1st day of April, 2013.

5

6                            SMITH LAW PARTNERSHIP, LLP

7                            */s/ Mark E. Smith*

8                            Mark E. Smith, WSBA #30924
                          Attorneys for Defendants

9

10

11

12

13

14

15

16

17

18

19

20

21

22  REPLY TO PLAINTIFFS'          **SMITH LAW PARTNERSHIP LLP**
RESPONSE TO DEFENDANTS'      12303 Harbour Pointe Blvd FF 104
MOTION FOR JUDGMENT ON          Mukilteo, WA  98275
THE PLEADINGS 9 of 9             Telephone:  (206) 660-3318

790 oc300201