UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
ANDREW HILLSTRAND, *et al.*,　　　　　)　　No. C12-1565RSL
　　　　　　　　　　　　　　　　　　　)
　　　　　　　　Plaintiffs,　　　　　　)
　　v.　　　　　　　　　　　　　　　　)　　ORDER DENYING DEFENDANTS'
　　　　　　　　　　　　　　　　　　　)　　MOTION FOR JUDGMENT ON THE
CATCH PLANET, LLC, *et al.*,　　　　　)　　PLEADINGS
　　　　　　　　　　　　　　　　　　　)
　　　　　　　　Defendants.　　　　　　)
_____)

　　　　　This matter comes before the Court on defendants' "Motion for Judgment on the Pleadings." Dkt. # 19. Plaintiffs allege that defendants have used their likenesses – and the likeness of Captain Philip Harris – on marketing materials and goods without plaintiffs' permission. In addition, plaintiff Andrew Hillstrand alleges that defendants have made unauthorized use of his registered trademark "Bad Boys of the Bering Sea" to compete with Captain Hillstrand in the same channels of trade to the same customers. Plaintiffs allege that defendant Travis Arket is the registered owner of the domain name www.catchplanet.com through which both defendants traded on plaintiffs' likenesses and marks. Plaintiff Andrew Hillstrand has asserted claims of trademark counterfeiting (Count I), trademark infringement (Count II), Lanham Act violations (Count III), and unfair competition (Count IV) against defendants related to the unauthorized use of the "Bad Boys of the Bering Sea" mark. The four named plaintiffs also assert claims of misappropriation of their names and likenesses as well as a

ORDER DENYING MOTION FOR
JUDGMENT ON THE PLEADINGS

claim for the misappropriation of Captain Phil's name and likeness (Counts V - IX).  Plaintiffs seek damages, seizure of offending goods and materials, and injunctive relief.  Defendants seek dismissal of all of plaintiffs' claims.

Pursuant to Fed. R. Civ. P. 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief."  Where defendant challenges the adequacy of a complaint based on the failure to state a claim under Fed. R. Civ. P. 12(c), the Court's review is the same as it would have been had the motion been filed under Fed. R. Civ. P. 12(b)(6).  McGlinchy v. Shell Chem. Co., 845 F.2d 802, 810 (9th Cir. 1988).  The Court assumes the truth of the plaintiffs' allegations and draws all reasonable inferences in the plaintiffs' favor.  Usher v. City of Los Angeles, 828 F.2d 556, 561 (9th Cir. 1987).  In order to survive a motion to dismiss, plaintiffs' allegations must give rise to something more than mere speculation that plaintiffs have a right to relief.  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  The complaint must offer "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action."  Id.  Detailed factual allegations are not required, however: the question for the Court is whether the facts set forth in the complaint state a "plausible" ground for relief.  Id. at 570.

Having reviewed the memoranda and exhibit submitted by the parties,[1] the Court finds as follows:

Plaintiffs have provided a short and plain statement of the facts giving rise to a plausible claim for relief under each cause of action asserted in the complaint.  Defendants attempt to utilize a number of techniques to overcome the allegations of the complaint, but none is availing in the context of a motion to dismiss.  Defendants may not, for example, contradict the facts alleged in the complaint (see Motion at 2, 11, and 16 (asserting that defendants abandoned use of the mark "Bad Boys of the Bering Sea" on or before 2011, directly

---

[1] This matter can be decided on the papers submitted.  Plaintiffs' request for oral argument is, therefore, DENIED.

ORDER DENYING MOTION FOR
JUDGMENT ON THE PLEADINGS            -2-

contradicting ¶ 55 of the complaint)), mischaracterize the allegations of the complaint in order to argue that a claim is not plausible (see Motion at 5 (characterizing allegations regarding the conduct of defendant Travis Arket as allegations regarding the conduct of Catch Planet, LLC), or rely on bald assertions of fact that may, if ultimately proven, establish a defense to plaintiffs' claims but which are outside the pleadings (see Motion at 12-13 (asserting that Catch Planet, LLC, had the right to the mark "Bad Boys of the Bering Sea" prior to plaintiff Andrew Hillstrand)).

      Defendants also argue that plaintiffs' allegations are conclusory and should therefore be ignored under Twombly.  Defendants complain that plaintiffs have failed "to provide specific factual allegations [regarding] how and when defendants infringed upon and counterfeited his mark."  Motion at 10.  Twombly does not require the level of detail defendants seek:  plaintiffs need not allege the time, date, and location of every offer of sale or the identity of individual customers.  For purposes of the causes of action alleged, the allegations regarding the nature of the infringing products, the discovery of unauthorized likenesses and marks on www.catchplanet.com, the continuing offer of goods bearing the infringing mark, and resulting injury to goodwill are sufficient to state plausible claims for relief.[2]

      Defendants' arguments regarding the elements of RCW 63.60.050 are unpersuasive.  Use of a person's likeness without consent in advertising or fund-raising is a violation of the statute regardless of whether the use is for profit or not for profit.  Thus, plaintiffs' failure to allege that the use of their likenesses resulted in financial gain for defendants is immaterial to the misappropriation claims.

      Finally, Washington's rules of procedure are not applicable to this federal court action, and defendants have not met the procedural or substantive requirements for sanctions under Fed. R. Civ. P. 11.

---

[2] When determining the sufficiency of plaintiffs' allegations, the Court considers the complaint as a whole, not merely the summarizing statements contained in each count.

ORDER DENYING MOTION FOR
JUDGMENT ON THE PLEADINGS      -3-

1   For all of the foregoing reasons, defendants' motion to dismiss (Dkt. # 19) is
2   DENIED. Defendants' request for sanctions is DENIED.

4   Dated this 21st day of June, 2013.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER DENYING MOTION FOR
JUDGMENT ON THE PLEADINGS              -4-